No. 22-50690

# In the United States Court of Appeals for the Fifth Circuit

Texas State LULAC; Voto Latino,

*Plaintiffs-Appellees,*

*v.*

Bruce Elfant; et al.,

*Defendants,*

*v.*

Lupe C. Torres, in her official capacity as the Medina County Elections Administrator; Terrie Pendley, in her official capacity as the Real County Tax Assessor-Collector; and Ken Paxton, Texas Attorney General,

*Intervenor Defendants-Appellants.*

On Appeal from the United States District Court for the Western District of Texas, Austin Division

## Record Excerpts of Intervenor Defendants-Appellants

**(Counsel listed on inside cover)**

Robert Henneke
General Counsel

Chance Weldon
Director of Litigation

Autumn Hamit Patterson
Senior Attorney
apatterson@texaspolicy.com

Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78701
Tel.: (512) 472-2700
Fax: (512) 472-2728

Counsel for Intervenor Defendants-Appellants Lupe C. Torres and Terrie Pendley

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Judd E. Stone II
Solicitor General

Lanora C. Pettit
Principal Deputy Solicitor General

Benjamin D. Wilson
Deputy Solicitor General
Benjamin.Wilson@oag.texas.gov

Kathleen T. Hunker
Special Counsel

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Counsel for Intervenor Defendant-Appellant Ken Paxton

# TABLE OF CONTENTS

1.  Docket Sheet (ROA.0001-0027) .......................................................  Tab 1

2.  Notice of Appeal (ROA.1941-1944).................................................  Tab 2

3.  Order on Motions for Cross-Summary Judgment (ROA.1907-1938)   Tab 3

4.  Final Judgment (ROA.1939-1940) ...................................................  Tab 4

TAB 1: DOCKET SHEET (ROA.0001-0027)

# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CIVIL DOCKET FOR CASE #: 1:21-cv-00546-LY

Texas State LULAC et al v. Elfant et al
Assigned to: Judge Lee Yeakel
Case in other court:   USCA 5th, 22-50690
Cause: 42:1983 Civil Rights Act

Date Filed: 06/22/2021
Date Terminated: 08/02/2022
Jury Demand: Defendant
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**Texas State LULAC**    represented by    **Christopher Dooley Dodge**
Elias Law Group LLP
10 G Street NE, Suite 600
Washington, DC 20002
202-968-4490
Fax: (202) 968-4498
Email: cdodge@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham White**
Elias Law Group
10 G Street NE
Washington, DC 20002
(202) 968-4507
Fax: (202) 968-4498
Email: gwhite@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A. Rodman**
Rodman Law Office
5608 Parkcrest Drive, Suite 200
Austin, TX 78731
(512) 481-0400
Fax: (512) 481-0500
Email: jimrodman@rodmanlawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Patrick Hawley**
Elias Law Group LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0179
Fax: (202) 968-4498
Email: jhawley@elias.law

*TERMINATED: 08/22/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph N. Posimato**
Elias Law Group LLP
10 G Street Ne, Suite 600
Washington, DC 20002
(202) 968-4591
Fax: (202) 968-4498
Email: jposimato@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn Elizabeth Yukevich**
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4000
Fax: (214) 978-4044
Email: kyukevich@elias.law
*TERMINATED: 04/05/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Luis Roberto Vera , Jr.**
Law Offices of Luis Roberto Vera &
Associates, P.C.
111 Soledad
Suite 1325
San Antonio, TX 78205-2260
(210) 225-3300
Fax: 210/225-2060
Email: lrvlaw@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meaghan E. Mixon**
Elias Law Group LLP
10 G Street NE, Suite 600
Washington, DC 20002
(202) 968-4662
Email: mmixon@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melinda Johnson**
Elias Law Group LLP
10 G St. NE, Suite 600
Washington, DC 20002
(202) 968-4674
Fax: (202) 968-4498
Email: mjohnson@elias.law

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael B. Jones**
Elias Law Group LLP
10 G St. NE, Suite 600
Washington, DC 20002
(202) 985-1752
Fax: (202) 968-4498
Email: mjones@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Uzoma N. Nkwonta**
Elias Law Group LLP
10 G Street NE, Suite 600
Washington, DC 20002
(202) 968-4517
Email: unkwonta@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Russell Hardin**
Perkins Coie, LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
(214) 965-7743
Email: johnhardin@perkinscoie.com
*TERMINATED: 09/08/2022*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Voto Latino**                         represented by   **Christopher Dooley Dodge**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham White**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A. Rodman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Patrick Hawley**
(See above for address)
*TERMINATED: 08/22/2022*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Joseph N. Posimato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathryn Elizabeth Yukevich**
(See above for address)
*TERMINATED: 04/05/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meaghan E. Mixon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melinda Johnson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael B. Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Uzoma N. Nkwonta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Russell Hardin**
(See above for address)
*TERMINATED: 09/08/2022*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Bruce Elfant**<br>*In his official capacity as the Travis County*<br>*Tax Assessor-Collector* | represented by | **Cynthia W. Veidt**<br>Travis County Attorney's Office<br>PO Box 1748<br>Austin, TX 78767<br>(512) 854-2911<br>Fax: (512) 854-9316<br>Email: cynthia.veidt@traviscountytx.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Leslie W. Dippel**
Travis County Attorney's Office
P.O. Box 1748
314 W. 11th Street
Room 500
Austin, TX 78767
(512) 854-9513
Fax: 512/854-4808
Email: leslie.dippel@traviscountytx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sherine Elizabeth Thomas**
Assistant County Attorney
Travis County, Texas
P.O. Box 1748
Austin, TX 78767
(512) 854-9513
Fax: 512/854-4808
Email: sherine.thomas@traviscountytx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jacquelyn Callanen**                      represented by   **Larry L. Roberson**
*In her official capacity as the Bexar County*                Bexar County District Attorney's Office
*Elections Administrator*                                     101 W. Nueva
                                                             7th Floor
                                                             San Antonio, TX 78205-3030
                                                             (210) 335-2141
                                                             Fax: (210) 335-2773
                                                             Email: lroberson@bexar.org
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Lisa V. Cubriel**
                                                             Bexar County District Attorney's Office
                                                             Civil Division
                                                             101 W. Nueva, 7th Floor
                                                             San Antonio, TX 78205
                                                             210-335-2142
                                                             Fax: 210-335*2773
                                                             Email: Lisa.Cubriel@bexar.org
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Robert D. Green**
                                                             United States Attorney's Office
                                                             Civil Division
                                                             601 NW Loop 410
                                                             Suite 600
                                                             San Antonio, TX 78216
                                                             210-384-7362

Email: robert.green3@usdoj.gov
*TERMINATED: 02/28/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Isabel Longoria**                                    represented by     **Christina Marie Beeler**
*In her official capacity as the Harris*                                  Texas Civil Rights Project
*County Elections Administrator*                                          2100 Travis Street
                                                                          Suite 360
                                                                          Houston, TX 77002
                                                                          512-914-1249
                                                                          Email: christinab@texascivilrightsproject.org
                                                                          *TERMINATED: 06/06/2022*
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Sameer Singh Birring**
                                                                          Harris County Attorney's Office
                                                                          1019 Congress
                                                                          15th Floor
                                                                          Houston, TX 77002
                                                                          (713) 274-5142
                                                                          Email: sameer.birring@harriscountytx.gov
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Tiffany Sue Bingham**
                                                                          Harris County Attorney Office
                                                                          1019 Congress 15th Floor
                                                                          Houston, TX 77002
                                                                          (713) 274-5132
                                                                          Fax: (713) 755-8924
                                                                          Email: tiffany.bingham@harriscountytx.gov
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Jonathan Gabriel Chaim Fombonne**
                                                                          Harris County Attorneys Office
                                                                          1019 Congress, 15th Floor
                                                                          Houston, TX 77002
                                                                          (713) 274-5102
                                                                          Fax: (713) 755-8924
                                                                          Email: jonathan.fombonne@cao.hctx.net
                                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Scarpello**                                 represented by     **Barbara S. Nicholas**
*In his official capacity as the Dallas County*                          Assistant District Attorney
*Elections Administrator*                                                 Civil Division Administration Building, 5th
                                                                          Floor
                                                                          500 Elm Street, Suite 6300

Dallas, TX 75202
(214) 653-6068
Fax: (214) 653-6134
Email: Barbara.Nicholas@dallascounty.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Earl S. Nesbitt**
WALTERS BALIDO & CRAIN L.L.P.
Meadow Park Tower
10440 North Central Expressway, Suite 1500
Dallas, TX 75231
(214) 749-4805
Fax: (214) 760-1670
Email: earl.nesbitt@wbclawfirm.com
*TERMINATED: 11/21/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ben L Stool**
Criminal District Attorney's Office of Dallas
County, T
500 Elm Street
Suite 6300
Dallas, TX 75202
(214) 653-6234
Fax: (214) 653-6134
Email: ben.stool@dallascounty.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lisa Wise**                                   represented by   **Angelica Lien Leo**
*In her official capacity as the El Paso*                        Cooley LLP
*County Elections Administrator*                                 3175 Hanover Street
                                                                 Palo Alto, CA 94304
                                                                 (650) 843-5075
                                                                 Fax: (650) 849-7400
                                                                 Email: aleo@cooley.com
                                                                 *TERMINATED: 05/18/2022*
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Beatriz Mejia**
                                                                 Cooley LLP
                                                                 3 Embarcadero Center 20th Floor
                                                                 San Francisco, CA 94111
                                                                 (415) 693-2000
                                                                 Fax: (415) 693-2222
                                                                 Email: mejiab@cooley.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Caroline A. Lebel**

Cooley LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
(415) 693-2000
Fax: (415) 693-2222
Email: clebel@cooley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine Sun**
States United Democracy Center
3749 Buchanan St., No. 475165
San Francisco, CA 94147
(615) 574-9108
Fax: n/a
Email: christine@statesuniteddemocracy.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danielle C. Pierre**
Coole LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
Fax: (415) 693-2222
*TERMINATED: 09/30/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Louk**
Cooley LLP
3 Embarcadero Center, 20th Floorr
San Francisco, CA 94111
(415) 693-2000
Fax: (415) 693-2222
Email: dlouk@cooley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jo Anne Bernal**
Office of the County Attorney
El Paso County Bldg.
500 E. San Antonio St.
Rm. 203
El Paso, TX 79901-2419
(915) 546-2083
Fax: 915/546-2133
Email: joanne.bernal@epcounty.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Edward Untereker**
El Paso County Attorney's Office
500 E. San Antonio
Rm. 503
El Paso, TX 79902
915-546-2083
Fax: 915-546-2133
Email: juntereker@epcounty.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Hartnett**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
Fax: (415) 693-2222
Email: khartnett@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelsey Spector**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
Fax: (415) 693-2222
Email: kspector@cooley.conn
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marina Eisner**
States United Democracy Center
1101 17th Street Nw
Washington, DC 20036
(240) 600-1316
Email: marina@statesuniteddemocracy.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neal Stuart Manne**
Susman Godfrey L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002-5096
(713) 653-7827
Fax: (713) 654-6666
Email: nmanne@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Orion Armon**
Cooley LLP

1144 15th Street, Suite 2300
Denver, CO 80202
(720) 566-4000
Fax: (720) 566-4099
Email: oarmon@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Cotter**
States United Democracy Center
7510 N. Greenview Ave., Apt. #3
Chicago, IL 60626
(224) 235-2606
Email: robert@statesuniteddemocracy.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sharon Song**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
Fax: (415) 693-2222
Email: song@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zack Goldberg**
States United Democracy Center
86 Fleet Place, No. 6t
Brooklyn, NY 11201
(917) 656-6234
Email: zack@statesuniteddemocracy.org
*TERMINATED: 02/01/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ranjana Natarajan**
States United Democracy Center
1801 East 51st Street, Suite 365, #334
Austin, TX 78723
323-422-8578
Email: ranjana@statesuniteddemocracy.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yvonne Ramon**                          represented by   **Josephine L. Ramirez**
*In her official capacity as the Hidalgo*                  Hidalgo County District Attorney's Office
*County Elections Administrator*                           100 E. Cano, First Floor
                                                           Edinburg, TX 78539
                                                           956-292-7609
                                                           Fax: 956-292-7619
                                                           Email:

josephine.ramirez@da.co.hidalgo.tx.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leigh Ann Tognetti**
Hidalgo County Criminal District Attorney
100 E Cano
Edinburg, TX 78539
9562927600
Email: leigh.tognetti@da.co.hidalgo.tx.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Lupe C. Torres**                                     represented by   **Chad Ennis**
*in her Official Capacity as the Medina*                               Texas Secretary of State
*County Elections Administrator*                                       1019 Brazos Street
                                                                       Austin, TX 78701
                                                                       512-472-2700
                                                                       Fax: 512-472-2728
                                                                       Email: CEnnis@sos.texas.gov
                                                                       *TERMINATED: 02/11/2022*
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

**Chance D. Weldon**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
512-472-2700
Email: cweldon@texaspolicy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Munera Al-Fuhaid**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
512-472-2700
Fax: 512-472-2728
Email: mal-fuhaid@texaspolicy.com
*TERMINATED: 06/01/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E Henneke**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
512-472-2700
Fax: 512-472-2728
Email: rhenneke@texaspolicy.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Autumn Hamit Patterson**
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701
(512) 472-2700
Fax: (512) 472-2728
Email: apatterson@texaspolicy.com
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

| | | |
|---|---|---|
| **Terrie Pendley**<br>*in her Official Capacity as the Real County*<br>*Tax Assessor-Collector* | represented by | **Chad Ennis**<br>(See above for address)<br>*TERMINATED: 02/11/2022*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Chance D. Weldon**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Munera Al-Fuhaid**<br>(See above for address)<br>*TERMINATED: 06/01/2022*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Robert E Henneke**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Autumn Hamit Patterson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Intervenor Defendant**

| | | |
|---|---|---|
| **Ken Paxton**<br>*Texas Attorney General* | represented by | **Eric A. Hudson**<br>Terrazas, PLLC<br>1001 S. Capital of Texas Highway<br>Austin, TX 78746<br>5122949891<br>Email: ehudson@terrazaspllc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Kathleen Hunker**<br>Office of the Attorney General of Texas<br>P. 0. Box 12548<br>Austin, TX 78711 |

(512) 936-2275
Fax: (512) 936-0545
Email: Kathleen.Hunker@oag.texas.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick K. Sweeten**
Texas Attorney General
P.O. Box 12548
MC 009
Austin, TX 78711
(512) 463-4139
Fax: 5124574410
Email: Patrick.Sweeten@oag.texas.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/22/2021 | 1 (p.28) | COMPLAINT ( Filing fee $ 402 receipt number 0542-14937308). No Summons requested at this time, filed by Texas State LULAC, Voto Latino. (Attachments: # 1 (p.28) Civil Cover Sheet)(Hardin, John) (Entered: 06/22/2021) |
| 06/22/2021 | | Case assigned to Judge Lee Yeakel. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (cj) (Entered: 06/22/2021) |
| 06/22/2021 | | If ordered by the court, all referrals and consents in this case will be assigned to a Magistrate Judge. (cj) (Entered: 06/22/2021) |
| 06/22/2021 | 2 (p.50) | Pro Hac Vice Letters mailed to Domingo Garcia, Jonathan P. Hawley, Uzoma N. Nkwonta, and Kathryn E. Yukevich re: non-admitted status. (cj) (Entered: 06/22/2021) |
| 06/22/2021 | 3 (p.54) | MOTION to Appear Pro Hac Vice by John Russell Hardin *for Jonathan Hawley* ( Filing fee $ 100 receipt number 0542-14939073) by on behalf of Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 06/22/2021) |
| 06/22/2021 | 4 (p.60) | REQUEST FOR ISSUANCE OF SUMMONS by Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 06/22/2021) |
| 06/22/2021 | 5 (p.72) | RULE 7 DISCLOSURE STATEMENT filed by Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 06/22/2021) |
| 06/22/2021 | 6 (p.75) | NOTICE *of Constitutional Question* by Texas State LULAC, Voto Latino (Hardin, John) (Entered: 06/22/2021) |
| 06/23/2021 | 7 (p.78) | Summons Issued as to Jacquelyn Callanen, Bruce Elfant, Isabel Longoria, Yvonne Ramon, Michael Scarpello, Lisa Wise. (dm) (Entered: 06/23/2021) |
| 06/23/2021 | 8 (p.90) | MOTION to Appear Pro Hac Vice by John Russell Hardin *for Kathryn E. Yukevich* ( Filing fee $ 100 receipt number 0542-14944971) by on behalf of Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 06/23/2021) |

| | | |
|---|---|---|
| 06/23/2021 | 9 (p.96) | ORDER GRANTING 3 (p.54) Motion to Appear Pro Hac Vice as to Jonathan Patrick Hawley. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 06/23/2021) |
| 06/25/2021 | 10 (p.97) | Acknowledgment of Service returned by Texas State LULAC, Voto Latino. Bruce Elfant served on 6/23/2021, answer due 7/14/2021. (Hardin, John) Modified on 7/8/2021 (lt). (Entered: 06/25/2021) |
| 06/25/2021 | 11 (p.98) | Acknowledgment of Service returned by Texas State LULAC, Voto Latino. Yvonne Ramon served on 6/23/2021, answer due 7/14/2021. (Hardin, John) Modified on 7/8/2021 (lt). (Entered: 06/25/2021) |
| 06/29/2021 | 12 (p.100) | ORDER GRANTING 8 (p.90) Motion to Appear Pro Hac Vice as to Kathryn E. Yukevich. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 06/29/2021) |
| 06/30/2021 | 13 (p.101) | MOTION to Appear Pro Hac Vice by John Russell Hardin *for Uzoma N. Nkwonta* ( Filing fee $ 100 receipt number 0542-14969353) by on behalf of Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 06/30/2021) |
| 07/01/2021 | 14 (p.106) | Acknowledgment of Service returned by Texas State LULAC, Voto Latino. Isabel Longoria served on 6/23/2021, answer due 7/14/2021. (Hardin, John) Modified on 7/8/2021 to correct answer date (lt). (Entered: 07/01/2021) |
| 07/01/2021 | 15 (p.107) | Acknowledgment of Service returned by Texas State LULAC, Voto Latino. Lisa Wise served on 6/29/2021, answer due 7/20/2021. (Hardin, John) Modified on 7/8/2021 to correct answer date (lt). (Entered: 07/01/2021) |
| 07/01/2021 | 16 (p.108) | Acknowledgment of Service returned by Texas State LULAC, Voto Latino. Michael Scarpello served on 6/23/2021, answer due 7/14/2021. (Hardin, John) Modified on 7/8/2021 to correct answer date(lt). (Entered: 07/01/2021) |
| 07/01/2021 | 17 (p.111) | ORDER GRANTING 13 (p.101) Motion to Appear Pro Hac Vice as to Uzoma N. Nkwonta. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 07/01/2021) |
| 07/08/2021 | 18 (p.112) | SUMMONS Returned Executed by Texas State LULAC, Voto Latino. Jacquelyn Callanen served on 6/24/2021, answer due 7/15/2021. (Hardin, John) (Entered: 07/08/2021) |
| 07/13/2021 | 19 (p.113) | Unopposed MOTION for Extension of Time to File Answer by Yvonne Ramon. (Attachments: # 1 (p.28) Proposed Order Granting Defendant Yvonne Ramon's Unopposed Motion for Extension of Time to file a Response to Plaintiffs Complaint for Injunctive and Declaratory Relief)(Ramirez, Josephine) (Entered: 07/13/2021) |
| 07/13/2021 | 20 (p.117) | Unopposed MOTION for Extension of Time to File Answer *or Otherwise Plead* by Isabel Longoria. (Attachments: # 1 (p.28) Proposed Order)(Birring, Sameer) (Entered: 07/13/2021) |
| 07/14/2021 | 21 | ORDER GRANTING Unopposed 19 (p.113) Motion for Extension of Time to File |

| | | |
|---|---|---|
| | (p.121) | Response ; Yvonne Ramon's Response due 8/13/2021. Signed by Judge Lee Yeakel. (jv2) (Entered: 07/14/2021) |
| 07/14/2021 | 22 (p.122) | ORDER GRANTING Unopposed 20 (p.117) Motion for Extension of Time; Isabel Longoria's Answer or Response due 8/13/2021. Signed by Judge Lee Yeakel. (jv2) (Entered: 07/14/2021) |
| 07/14/2021 | 23 (p.123) | Unopposed MOTION for Extension of Time to File Answer *Defendant Bruce Elfant's Unopposed Motion for Extension of Time to Answer or Otherwise Plead to Plaintiffs' Complaint* by Bruce Elfant. (Attachments: # 1 (p.28) Proposed Order Proposed Order)(Veidt, Cynthia) (Entered: 07/14/2021) |
| 07/14/2021 | 24 (p.127) | MOTION for Extension of Time to File Answer re 1 (p.28) Complaint by Michael Scarpello. (Attachments: # 1 (p.28) Proposed Order)(Nesbitt, Earl) (Entered: 07/14/2021) |
| 07/15/2021 | 25 (p.132) | Unopposed MOTION for Extension of Time to File Answer re 1 (p.28) Complaint by Jacquelyn Callanen. (Green, Robert) (Entered: 07/15/2021) |
| 07/15/2021 | 26 (p.136) | MOTION to Appear Pro Hac Vice by John Russell Hardin *for Joseph N. Posimato* ( Filing fee $ 100 receipt number 0542-15017601) by on behalf of Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 07/15/2021) |
| 07/15/2021 | 27 (p.141) | ORDER GRANTING Unopposed 23 (p.123) Motion for Extension of Time to Answer; Bruce Elfant answer due 8/13/2021. Signed by Judge Lee Yeakel. (jv2) (Entered: 07/15/2021) |
| 07/15/2021 | 28 (p.142) | ORDER GRANTING Unopposed 24 (p.127) Motion for Extension of Time to Answer ; Michael Scarpello answer due 8/13/2021. Signed by Judge Lee Yeakel. (jv2) (Entered: 07/15/2021) |
| 07/15/2021 | 29 (p.143) | ORDER GRANTING Unopposed 25 (p.132) Motion for Extension of Time to Answer ; Jacquelyn Callanen answer due 8/13/2021. Signed by Judge Lee Yeakel. (jv2) (Entered: 07/15/2021) |
| 07/16/2021 | 30 (p.144) | MOTION to Appear Pro Hac Vice by John Russell Hardin *for Meaghan E. Mixon* ( Filing fee $ 100 receipt number 0542-15019590) by on behalf of Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 07/16/2021) |
| 07/16/2021 | 31 (p.149) | Unopposed MOTION for Extension of Time to File */RESPOND TO THE COMPLAINT* by Lisa Wise. (Attachments: # 1 (p.28) Proposed Order)(Untereker, John) Modified on 7/16/2021 (lt). (Entered: 07/16/2021) |
| 07/26/2021 | 32 (p.154) | ORDER GRANTING 26 (p.136) Motion to Appear Pro Hac Vice as to Joseph N. Posimato. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 07/26/2021) |
| 07/26/2021 | 33 (p.155) | ORDER GRANTING 30 (p.144) Motion to Appear Pro Hac Vice as to Meaghan E. Mixon. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 07/26/2021) |
| 07/26/2021 | 34 (p.156) | ORDER GRANTING 31 (p.149) Motion for Extension of Time to Answer re 1 (p.28) Complaint; Lisa Wise answer due 8/13/2021. Signed by Judge Lee Yeakel. |

| | | |
|---|---|---|
| | | (dm) (Entered: 07/26/2021) |
| 08/06/2021 | 35 (p.158) | NOTICE of Attorney Appearance by Orion Armon on behalf of Lisa Wise. Attorney Orion Armon added to party Lisa Wise(pty:dft) (Armon, Orion) (Entered: 08/06/2021) |
| 08/06/2021 | 36 (p.161) | MOTION to Appear Pro Hac Vice by Orion Armon *re Kathleen Hartnett* ( Filing fee $ 100 receipt number 0542-15090927) by on behalf of Lisa Wise. (Armon, Orion) (Entered: 08/06/2021) |
| 08/06/2021 | 37 (p.167) | MOTION to Appear Pro Hac Vice by Orion Armon *re Sharon Song* ( Filing fee $ 100 receipt number 0542-15090953) by on behalf of Lisa Wise. (Armon, Orion) (Entered: 08/06/2021) |
| 08/06/2021 | 38 (p.172) | MOTION to Appear Pro Hac Vice by Orion Armon *re Kelsey Spector* ( Filing fee $ 100 receipt number 0542-15090967) by on behalf of Lisa Wise. (Armon, Orion) (Entered: 08/06/2021) |
| 08/06/2021 | 39 (p.177) | MOTION to Appear Pro Hac Vice by Orion Armon *re Danielle C. Pierre* ( Filing fee $ 100 receipt number 0542-15091011) by on behalf of Lisa Wise. (Armon, Orion) (Entered: 08/06/2021) |
| 08/06/2021 | 40 (p.182) | MOTION to Appear Pro Hac Vice by Orion Armon *re Beatriz Mejia* ( Filing fee $ 100 receipt number 0542-15091029) by on behalf of Lisa Wise. (Armon, Orion) (Entered: 08/06/2021) |
| 08/06/2021 | 41 (p.187) | MOTION to Appear Pro Hac Vice by Orion Armon *re Angelica Lien Leo* ( Filing fee $ 100 receipt number 0542-15091046) by on behalf of Lisa Wise. (Armon, Orion) (Entered: 08/06/2021) |
| 08/09/2021 | 42 (p.192) | ORDER GRANTING 36 (p.161) Motion to Appear Pro Hac Vice as to Kathleen Hartnett. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/09/2021) |
| 08/09/2021 | 43 (p.194) | ORDER GRANTING 37 (p.167) Motion to Appear Pro Hac Vice as to Sharon Song. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/09/2021) |
| 08/09/2021 | 44 (p.196) | ORDER GRANTING 38 (p.172) Motion to Appear Pro Hac Vice as to Kelsey Spector. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/09/2021) |
| 08/09/2021 | 45 (p.198) | ORDER GRANTING 39 (p.177) Motion to Appear Pro Hac Vice as to Danielle C. Pierre. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/09/2021) |
| 08/09/2021 | 46 (p.200) | ORDER GRANTING 40 (p.182) Motion to Appear Pro Hac Vice as to Beatriz Mejia. Pursuant to our Administrative Policies and Procedures for Electronic Filing, |

| | | |
|---|---|---|
| | | the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/09/2021) |
| 08/09/2021 | 47 (p.202) | ORDER GRANTING 41 (p.187) Motion to Appear Pro Hac Vice as to Angelica Lien Leo. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/09/2021) |
| 08/11/2021 | 48 (p.204) | PARTIALLY OPPOSED MOTION to Intervene by Lupe C. Torres, Terrie Pendley. (Attachments: # 1 (p.28) Answer to Complaint, # 2 (p.50) Proposed Order)(dm) (Entered: 08/11/2021) |
| 08/12/2021 | 49 (p.232) | NOTICE of Attorney Appearance by Ranjana Natarajan on behalf of Lisa Wise. Attorney Ranjana Natarajan added to party Lisa Wise(pty:dft) (Natarajan, Ranjana) (Entered: 08/12/2021) |
| 08/12/2021 | 50 (p.234) | MOTION to Appear Pro Hac Vice by Ranjana Natarajan *for CHRISTINE SUN* ( Filing fee $ 100 receipt number 0542-15114453) by on behalf of Lisa Wise. (Natarajan, Ranjana) (Entered: 08/12/2021) |
| 08/12/2021 | 51 (p.239) | MOTION to Appear Pro Hac Vice by Ranjana Natarajan *for ZACK GOLDBERG* ( Filing fee $ 100 receipt number 0542-15114553) by on behalf of Lisa Wise. (Natarajan, Ranjana) (Entered: 08/12/2021) |
| 08/12/2021 | 53 (p.258) | MOTION to Intervene by Ken Paxton. (Attachments: # 1 (p.28) Proposed Order, # 2 (p.50) Answer in Intervention, # 3 (p.54) Notice of Appearance)(dm) (Entered: 08/13/2021) |
| 08/13/2021 | 52 (p.244) | ANSWER to 1 (p.28) Complaint with Jury Demand by Bruce Elfant.(Thomas, Sherine) (Entered: 08/13/2021) |
| 08/13/2021 | 54 (p.292) | ANSWER to 1 (p.28) Complaint with Jury Demand by Michael Scarpello.(Nesbitt, Earl) (Entered: 08/13/2021) |
| 08/13/2021 | 55 (p.314) | *Original* ANSWER to 1 (p.28) Complaint with Jury Demand by Yvonne Ramon.(Ramirez, Josephine) (Entered: 08/13/2021) |
| 08/13/2021 | 56 (p.325) | ANSWER to 1 (p.28) Complaint by Lisa Wise.(Armon, Orion) (Entered: 08/13/2021) |
| 08/13/2021 | 57 (p.342) | ANSWER to 1 (p.28) Complaint with Jury Demand by Jacquelyn Callanen.(Green, Robert) (Entered: 08/13/2021) |
| 08/13/2021 | 58 (p.354) | ANSWER to 1 (p.28) Complaint by Isabel Longoria.(Birring, Sameer) (Entered: 08/13/2021) |
| 08/16/2021 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Dustin M. Howell. (jkda) (Entered: 08/19/2021) |
| 08/18/2021 | 59 (p.363) | ORDER GRANTING 50 (p.234) Motion to Appear Pro Hac Vice as to Christine Sun. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/18/2021) |

| | | |
|---|---|---|
| 08/18/2021 | 60 (p.365) | ORDER GRANTING 51 (p.239) Motion to Appear Pro Hac Vice as to Zack Goldberg. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/18/2021) |
| 08/25/2021 | 61 (p.367) | RESPONSE to Motion, filed by Texas State LULAC, Voto Latino, re 53 (p.258) MOTION to Intervene filed by Movant Ken Paxton (Hardin, John) (Entered: 08/25/2021) |
| 08/25/2021 | 62 (p.373) | Response in Opposition to Motion, filed by Texas State LULAC, Voto Latino, re 48 (p.204) MOTION to Intervene filed by Movant Terrie Pendley, Movant Lupe C. Torres (Hardin, John) (Entered: 08/25/2021) |
| 08/25/2021 | 63 (p.390) | RESPONSE to Motion, filed by Lisa Wise, re 48 (p.204) MOTION to Intervene filed by Movant Terrie Pendley, Movant Lupe C. Torres (Hartnett, Kathleen) (Entered: 08/25/2021) |
| 08/26/2021 | 64 (p.393) | MOTION to Appear Pro Hac Vice by Eric A. Hudson *(for Kathleen Hunker)* by on behalf of Ken Paxton. (Attachments: # 1 (p.28) Proposed Order)(Hudson, Eric) (Entered: 08/26/2021) |
| 08/26/2021 | 65 (p.398) | RESPONSE to Motion, filed by Lisa Wise, re 53 (p.258) MOTION to Intervene filed by Movant Ken Paxton (Hartnett, Kathleen) (Entered: 08/26/2021) |
| 08/31/2021 | 66 (p.402) | ORDER GRANTING 64 (p.393) Motion to Appear Pro Hac Vice as to Kathleen Hunker. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 08/31/2021) |
| 08/31/2021 | 67 (p.403) | REPLY to Response to Motion, filed by Ken Paxton, re 53 (p.258) MOTION to Intervene filed by Movant Ken Paxton (Hudson, Eric) (Entered: 08/31/2021) |
| 09/01/2021 | 68 (p.411) | REPLY to Response to Motion, filed by Terrie Pendley, Lupe C. Torres, re 48 (p.204) MOTION to Intervene filed by Movant Terrie Pendley, Movant Lupe C. Torres (Henneke, Robert) (Entered: 09/01/2021) |
| 09/07/2021 | 69 (p.418) | Scheduling Recommendations/Proposed Scheduling Order by Texas State LULAC, Voto Latino. (Attachments: # 1 (p.28) Proposed Order)(Nkwonta, Uzoma) (Entered: 09/07/2021) |
| 09/09/2021 | 70 (p.436) | NOTICE of Change of Address by Kathryn E. Yukevich (Yukevich, Kathryn) (Entered: 09/09/2021) |
| 09/09/2021 | 71 (p.437) | NOTICE of Change of Address by Meaghan E. Mixon (Mixon, Meaghan) (Entered: 09/09/2021) |
| 09/09/2021 | 72 (p.438) | NOTICE of Change of Address by Jonathan Patrick Hawley (Hawley, Jonathan) (Entered: 09/09/2021) |
| 09/09/2021 | 73 (p.439) | NOTICE of Change of Address by Uzoma N. Nkwonta (Nkwonta, Uzoma) (Entered: 09/09/2021) |
| 09/13/2021 | 74 (p.440) | ORDER, ( Initial Pretrial Conference set for 1/6/2022 at 03:30 PM before Judge Lee Yeakel,). Signed by Judge Lee Yeakel. (dm) (Entered: 09/13/2021) |

| 09/15/2021 | 75 (p.442) | NOTICE of Change of Address by Joseph N. Posimato (Posimato, Joseph) (Entered: 09/15/2021) |
|---|---|---|
| 09/21/2021 | 76 (p.443) | ORDER GRANTING 48 (p.204) Motion to Intervene; GRANTING 53 (p.258) Motion to Intervene. Signed by Judge Lee Yeakel. (dm) (Entered: 09/21/2021) |
| 09/21/2021 | 77 (p.447) | ANSWER to 1 (p.28) Complaint by Terrie Pendley, Lupe C. Torres.(dm) (Entered: 09/21/2021) |
| 09/21/2021 | 78 (p.460) | ANSWER to 1 (p.28) Complaint by Ken Paxton.(dm) (Entered: 09/21/2021) |
| 09/23/2021 | 79 (p.474) | AMENDED ANSWER to *Plaintiffs'* 1 (p.28) Complaint by Terrie Pendley, Lupe C. Torres. (Henneke, Robert) (Entered: 09/23/2021) |
| 09/28/2021 | 80 (p.487) | Unopposed MOTION to Withdraw as Attorney *for Danielle C. Pierre* by Lisa Wise. (Attachments: # 1 (p.28) Proposed Order Granting Unopposed Motion for Withdrawal of Counsel)(Armon, Orion) (Entered: 09/28/2021) |
| 09/30/2021 | 81 (p.493) | ORDER GRANTING 80 (p.487) Motion to Withdraw as Attorney. Signed by Judge Lee Yeakel. (dm) (Entered: 09/30/2021) |
| 09/30/2021 | 82 (p.494) | AMENDED ANSWER to 1 (p.28) Complaint *with jury demand* by Michael Scarpello. (Stool, Ben) (Entered: 09/30/2021) |
| 10/27/2021 | 83 (p.517) | MOTION to Appear Pro Hac Vice by John Russell Hardin *for Graham White* ( Filing fee $ 100 receipt number 0542-15380063) by on behalf of Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 10/27/2021) |
| 10/28/2021 | 84 (p.522) | ORDER GRANTING 83 (p.517) Motion to Appear Pro Hac Vice as to Graham White. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 10/28/2021) |
| 12/01/2021 | 85 (p.523) | Rule 26(f) Discovery Report/Case Management Plan by Ken Paxton, Terrie Pendley, Lupe C. Torres. (Hudson, Eric) (Entered: 12/01/2021) |
| 12/03/2021 | 86 (p.534) | ADR Report Filed - NON-CONSENT to Alternate Dispute Resolution (ADR) by Texas State LULAC, Voto Latino(Nkwonta, Uzoma) (Entered: 12/03/2021) |
| 12/03/2021 | 87 (p.546) | Opposed MOTION for Protective Order by Texas State LULAC, Voto Latino. (Attachments: # 1 (p.28) Exhibit Exhibit A, # 2 (p.50) Exhibit Exhibit B, # 3 (p.54) Proposed Order)(Nkwonta, Uzoma) (Entered: 12/03/2021) |
| 12/06/2021 | 88 (p.577) | NOTICE of Attorney Appearance by Munera Al-Fuhaid on behalf of Terrie Pendley, Lupe C. Torres (Al-Fuhaid, Munera) (Entered: 12/06/2021) |
| 12/07/2021 | 89 (p.579) | ORDERED that all parties shall meet and confer and file an agreed proposedscheduling order before the Initial Pretrial Conference scheduled for January 6, 2022, at 3:30 p.m. Signed by Judge Lee Yeakel. (dm) (Entered: 12/07/2021) |
| 12/08/2021 | 90 (p.581) | NOTICE of Attorney Appearance by Jonathan Gabriel Chaim Fombonne on behalf of Isabel Longoria. Attorney Jonathan Gabriel Chaim Fombonne added to party Isabel Longoria(pty:dft) (Fombonne, Jonathan) (Entered: 12/08/2021) |
| 12/09/2021 | | |

| | | |
|---|---|---|
| | 91 (p.582) | Unopposed MOTION for Extension of Time to File Response/Reply as to 87 (p.546) Opposed MOTION for Protective Order by Ken Paxton. (Attachments: # 1 (p.28) Proposed Order)(Hudson, Eric) (Entered: 12/09/2021) |
| 12/13/2021 | 92 (p.588) | ORDER GRANTING Intervenor-Defendant Ken Paxtonl 91 (p.582) Motion for Extension of Time to File Response to 87 (p.546) Motion for Protective Order. The deadline for Intervenor-Defendant to file a Response to the Motion for Protective Order is extended to December 17, 2021 and Plaintiffs' Reply in support of Motion for Protective Order is extended to December 31, 2021. Signed by Judge Lee Yeakel. (klw) (Entered: 12/13/2021) |
| 12/17/2021 | 93 (p.590) | Response in Opposition to Motion, filed by Ken Paxton, re 87 (p.546) Opposed MOTION for Protective Order filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC (Hudson, Eric) (Entered: 12/17/2021) |
| 12/20/2021 | 94 (p.598) | MOTION to Appear Pro Hac Vice by John Russell Hardin *(Melinda Johnson)* ( Filing fee $ 100 receipt number 0542-15552005) by on behalf of Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 12/20/2021) |
| 12/21/2021 | 95 (p.603) | ORDER GRANTING 94 (p.598) Motion to Appear Pro Hac Vice as to Melinda Johnson. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (cc3) (Entered: 12/21/2021) |
| 12/30/2021 | 96 (p.604) | REPLY to Response to Motion, filed by Texas State LULAC, Voto Latino, re 87 (p.546) Opposed MOTION for Protective Order filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC (Nkwonta, Uzoma) (Entered: 12/30/2021) |
| 01/06/2022 | 97 (p.612) | Proposed Scheduling Order by Texas State LULAC, Voto Latino. (Nkwonta, Uzoma) (Entered: 01/06/2022) |
| 01/06/2022 | 98 | Minute Entry for proceedings held before Judge Lee Yeakel: Initial Pretrial Conference held on 1/6/2022 (Minute entry documents are not available electronically.). (Court Reporter Arlinda Rodriguez)(dm) (Entered: 01/06/2022) |
| 01/06/2022 | 99 (p.618) | ORDER, ( Telephone Conference set for 1/13/2022 at 03:00 PM before Judge Lee Yeakel,). Signed by Judge Lee Yeakel. (dm) (Entered: 01/06/2022) |
| 01/12/2022 | 100 (p.620) | NOTICE *of Parties' Joint Proposed Scheduling Order* by Texas State LULAC, Voto Latino (Attachments: # 1 (p.28) Proposed Order)(Nkwonta, Uzoma) (Entered: 01/12/2022) |
| 01/13/2022 | 101 | Minute Entry for proceedings held before Judge Lee Yeakel: Telephone Conference held on 1/13/2022. Written Order forthcoming. (Minute entry documents are not available electronically.). (Court Reporter Arlinda Rodriguez)(dm) (Entered: 01/13/2022) |
| 01/13/2022 | 102 (p.629) | SCHEDULING ORDER: Discovery due by 4/15/2022, Dispositive Motions due by 5/2/2022. Signed by Judge Lee Yeakel. (dm) (Entered: 01/13/2022) |
| 01/14/2022 | 103 (p.632) | WITNESS/EXHIBIT/EXPERT LIST by Bruce Elfant *Defendant Bruce Elfant's Designation of Potential Testifying Experts.* (Dippel, Leslie) (Entered: 01/14/2022) |
| 01/14/2022 | 104 (p.636) | DESIGNATION OF EXPERT WITNESSES by Yvonne Ramon. (Ramirez, Josephine) (Entered: 01/14/2022) |

| 01/14/2022 | 105 (p.641) | WITNESS/EXHIBIT/EXPERT LIST by Jacquelyn Callanen . (Green, Robert) (Entered: 01/14/2022) |
| 01/14/2022 | 106 (p.644) | Pretrial Disclosures *Defendant Lisa Wise's Designation of Potential Testifying Experts* by Lisa Wise. (Armon, Orion) (Entered: 01/14/2022) |
| 01/21/2022 | 107 (p.649) | NOTICE of Attorney Appearance by Christina Marie Beeler on behalf of Isabel Longoria. Attorney Christina Marie Beeler added to party Isabel Longoria(pty:dft) (Beeler, Christina) (Entered: 01/21/2022) |
| 01/21/2022 | 108 (p.651) | NOTICE of Attorney Appearance by Tiffany Sue Bingham on behalf of Isabel Longoria. Attorney Tiffany Sue Bingham added to party Isabel Longoria(pty:dft) (Bingham, Tiffany) (Entered: 01/21/2022) |
| 01/28/2022 | 109 (p.653) | MOTION to Withdraw as Attorney *ZACK GOLDBERG* by Lisa Wise. (Attachments: # 1 (p.28) Proposed Order)(Natarajan, Ranjana) (Entered: 01/28/2022) |
| 02/01/2022 | 110 (p.659) | ORDER GRANTING 109 (p.653) Motion to Withdraw as Attorney. Signed by Judge Lee Yeakel. (dm) (Entered: 02/01/2022) |
| 02/04/2022 | 111 (p.660) | MOTION to Appear Pro Hac Vice by Ranjana Natarajan *for ROBERT COTTER* ( Filing fee $ 100 receipt number 0542-15682558) by on behalf of Lisa Wise. (Natarajan, Ranjana) (Entered: 02/04/2022) |
| 02/07/2022 | 112 (p.665) | ORDER GRANTING 111 (p.660) Motion to Appear Pro Hac Vice as to Robert Cotter. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 02/07/2022) |
| 02/09/2022 | 113 (p.667) | Unopposed MOTION to Withdraw as Attorney by Terrie Pendley, Lupe C. Torres. (Attachments: # 1 (p.28) Proposed Order)(Ennis, Chad) (Entered: 02/09/2022) |
| 02/11/2022 | 114 (p.670) | ORDER GRANTING 113 (p.667) Motion to Withdraw as Attorney. Signed by Judge Lee Yeakel. (dm) (Entered: 02/11/2022) |
| 02/22/2022 | 115 (p.671) | MOTION to Substitute Attorney by Jacquelyn Callanen. (Green, Robert) (Entered: 02/22/2022) |
| 02/28/2022 | 116 (p.675) | ORDER GRANTING 115 (p.671) Motion to Substitute Attorney. Added attorney Lisa V. Cubriel for Jacquelyn Callanen. Signed by Judge Lee Yeakel. (dm) (Entered: 02/28/2022) |
| 03/17/2022 | 117 (p.676) | MOTION to Appear Pro Hac Vice by Ranjana Natarajan ( Filing fee $ 100 receipt number 0542-15828479) by Marina Eisner on behalf of Lisa Wise. (Natarajan, Ranjana) (Entered: 03/17/2022) |
| 03/18/2022 | 118 (p.681) | MOTION to Appear Pro Hac Vice by John Russell Hardin *for Michael B. Jones* ( Filing fee $ 100 receipt number 0542-15830384) by on behalf of Texas State LULAC, Voto Latino. (Hardin, John) (Entered: 03/18/2022) |
| 03/21/2022 | 119 (p.686) | ORDER GRANTING 117 (p.676) Motion to Appear Pro Hac Vice as to Marina Eisner. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 03/21/2022) |

| 03/21/2022 | 120 (p.688) | ORDER GRANTING 118 (p.681) Motion to Appear Pro Hac Vice as to Michael B. Jones. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dm) (Entered: 03/21/2022) |
|---|---|---|
| 04/03/2022 | 121 (p.689) | Unopposed MOTION to Withdraw as Attorney *Kathryn E. Yukevich* by Texas State LULAC, Voto Latino. (Yukevich, Kathryn) (Entered: 04/03/2022) |
| 04/04/2022 | 122 (p.692) | DEFICIENCY NOTICE to Kathryn Yukevich: re 121 (p.689) Unopposed MOTION to Withdraw as Attorney *Kathryn E. Yukevich*. ***Proposed Orders are required when a non-dispositive Motion is filed. DO NOT RE-FILE the entire document. Please, file ONLY the Proposed Order. Use the "ATTACHMENT" event from the menu and LINK the Proposed Order to your Motion. In the Docket Text, type "(Proposed Order)".*** (klw) (Entered: 04/04/2022) |
| 04/04/2022 | 123 (p.693) | ATTACHMENT *Proposed Order* to 121 (p.689) Unopposed MOTION to Withdraw as Attorney *Kathryn E. Yukevich* by Texas State LULAC, Voto Latino. (Yukevich, Kathryn) (Entered: 04/04/2022) |
| 04/05/2022 | 124 (p.694) | MOTION to Appear Pro Hac Vice by John Russell Hardin *for Christopher D. Dodge* ( Filing fee $ 100 receipt number 0542-15888889) by on behalf of Texas State LULAC, Voto Latino. (Attachments: # 1 (p.28) Proposed Order)(Hardin, John) (Entered: 04/05/2022) |
| 04/05/2022 | 125 (p.699) | ORDER GRANTING 121 (p.689) Motion to Withdraw as Attorney as to Kathryn E. Yukevich. Signed by Judge Lee Yeakel. (cc3) (Entered: 04/05/2022) |
| 04/06/2022 | 126 (p.700) | ORDER GRANTING 124 (p.694) Motion to Appear Pro Hac Vice as to Christopher D. Dodge. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (cc3) (Entered: 04/06/2022) |
| 04/11/2022 | 127 (p.701) | Unopposed MOTION for Leave to File Second Amended Answer of Defendant Michael Scarpello by Michael Scarpello. (Attachments: # 1 (p.28) Exhibit A)(Nicholas, Barbara) (Entered: 04/11/2022) |
| 04/12/2022 | 128 (p.724) | DEFICIENCY NOTICE to Barbara S. Nicholas: re 127 (p.701) Unopposed MOTION for Leave to File Second Amended Answer of Defendant Michael Scarpello. ***Proposed Orders are required when a non-dispositive Motion is filed. DO NOT RE-FILE the entire document. Please, file ONLY the Proposed Order. Use the "ATTACHMENT" event from the menu and LINK the Proposed Order to your Motion. In the Docket Text, type "(Proposed Order)".*** (klw) (Entered: 04/12/2022) |
| 04/12/2022 | 129 (p.725) | ATTACHMENT *Proposed Order* to 127 (p.701) Unopposed MOTION for Leave to File Second Amended Answer of Defendant Michael Scarpello by Michael Scarpello. (Nicholas, Barbara) (Entered: 04/12/2022) |
| 04/13/2022 | 130 (p.726) | ORDER GRANTING Defendant Scarpello's 127 (p.701) Motion for Leave to File Second Amended Answer. Signed by Judge Lee Yeakel. (klw) (Entered: 04/13/2022) |
| 04/13/2022 | 131 (p.727) | Second AMENDED ANSWER to 1 (p.28) Complaint by Michael Scarpello. Jury Demand contained within. (klw) (Entered: 04/13/2022) |

| 04/13/2022 | 132 (p.745) | NOTICE of Attorney Appearance by Autumn Hamit Patterson on behalf of Terrie Pendley, Lupe C. Torres. Attorney Autumn Hamit Patterson added to party Terrie Pendley(pty:intvd), Attorney Autumn Hamit Patterson added to party Lupe C. Torres(pty:intvd) (Patterson, Autumn) (Entered: 04/13/2022) |
|---|---|---|
| 04/14/2022 | 133 (p.747) | NOTICE *VACATION LETTER* by Michael Scarpello (Stool, Ben) (Entered: 04/14/2022) |
| 04/18/2022 | 134 (p.748) | NOTICE of Attorney Appearance by Larry L. Roberson on behalf of Jacquelyn Callanen. Attorney Larry L. Roberson added to party Jacquelyn Callanen(pty:dft) (Roberson, Larry) (Entered: 04/18/2022) |
| 04/26/2022 | 135 (p.750) | Unopposed MOTION to Extend Scheduling Order Deadlines by Texas State LULAC, Voto Latino. (Attachments: # 1 (p.28) Proposed Order)(Nkwonta, Uzoma) (Entered: 04/26/2022) |
| 04/29/2022 | 136 (p.755) | ORDER GRANTING 135 (p.750) Motion to Extend Scheduling Order Deadlines. Dispositive Motions due by 5/9/2022. Signed by Judge Lee Yeakel. (dm) (Entered: 04/29/2022) |
| 05/04/2022 | 137 (p.757) | NOTICE *VACATION LETTER, ATTORNEY* by Michael Scarpello (Nicholas, Barbara) (Entered: 05/04/2022) |
| 05/09/2022 | 138 (p.758) | MOTION for Summary Judgment by Ken Paxton. (Attachments: # 1 (p.28) Appendix Cover Page, # 2 (p.50) Appendix Part 1, # 3 (p.54) Appendix Part 2, # 4 (p.60) Appendix Part 3, # 5 (p.72) Appendix Part 4, # 6 (p.75) Appendix Part 5, # 7 (p.78) Appendix Part 6, # 8 (p.90) Appendix Part 7, # 9 (p.96) Appendix Part 8, # 10 (p.97) Appendix Part 9, # 11 (p.98) Appendix Part 10)(Hudson, Eric) (Entered: 05/09/2022) |
| 05/09/2022 | 139 (p.1113) | NOTICE *of Joinder* by Terrie Pendley, Lupe C. Torres re 138 (p.758) MOTION for Summary Judgment (Patterson, Autumn) (Entered: 05/09/2022) |
| 05/09/2022 | 140 (p.1116) | MOTION for Summary Judgment *and Memorandum of Law in Support* by Texas State LULAC, Voto Latino. (Nkwonta, Uzoma) (Entered: 05/09/2022) |
| 05/09/2022 | 141 (p.1158) | APPENDIX to 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* by Texas State LULAC, Voto Latino. (Nkwonta, Uzoma) (Entered: 05/09/2022) |
| 05/12/2022 | 142 (p.1554) | Unopposed MOTION to Withdraw as Attorney *for Angelica Lien Leo* by Lisa Wise. (Attachments: # 1 (p.28) Proposed Order)(Armon, Orion) (Entered: 05/12/2022) |
| 05/18/2022 | 143 (p.1559) | ORDER GRANTING 142 (p.1554) Motion to Withdraw as Attorney. Signed by Judge Lee Yeakel. (dm) (Entered: 05/18/2022) |
| 05/20/2022 | 144 (p.1560) | MOTION to Appear Pro Hac Vice by Orion Armon *on Behalf of Caroline A. Lebel* ( Filing fee $ 100 receipt number 0542-16059647) by on behalf of Lisa Wise. (Attachments: # 1 (p.28) Proposed Order)(Armon, Orion) (Entered: 05/20/2022) |
| 05/20/2022 | 145 (p.1565) | MOTION to Appear Pro Hac Vice by Orion Armon *on Behalf of David Louk* ( Filing fee $ 100 receipt number 0542-16059662) by on behalf of Lisa Wise. (Attachments: # 1 (p.28) Proposed Order)(Armon, Orion) (Entered: 05/20/2022) |
| 05/23/2022 | 146 (p.1570) | RESPONSE to Motion, filed by Michael Scarpello, re 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC (Nicholas, Barbara) (Entered: 05/23/2022) |

| 05/23/2022 | 147 (p.1574) | RESPONSE to Motion, filed by Jacquelyn Callanen, re 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC *Defendant Bexar County Election Administrator Jacquelyn Callenen's Response to Plaintiff Texas State Lulac and Voto Latino's Motion for Summary Judgment* (Cubriel, Lisa) (Entered: 05/23/2022) |
|---|---|---|
| 05/23/2022 | 148 (p.1579) | RESPONSE to Motion, filed by Bruce Elfant, re 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC (Veidt, Cynthia) (Entered: 05/23/2022) |
| 05/23/2022 | 149 (p.1585) | ORDER GRANTING 144 (p.1560) Motion to Appear Pro Hac Vice for Attorney Caroline A. Lebel for Lisa Wise. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (jv2) (Entered: 05/23/2022) |
| 05/23/2022 | 150 (p.1587) | ORDER GRANTING 145 (p.1565) Motion to Appear Pro Hac Vice for Attorney David Louk for Lisa Wise. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (jv2) (Entered: 05/23/2022) |
| 05/23/2022 | 151 (p.1589) | Response in Opposition to Motion, filed by Yvonne Ramon, re 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC (Ramirez, Josephine) (Entered: 05/23/2022) |
| 05/23/2022 | 152 (p.1595) | RESPONSE to Motion, filed by Isabel Longoria, re 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC (Bingham, Tiffany) (Entered: 05/23/2022) |
| 05/23/2022 | 153 (p.1599) | RESPONSE to Motion, filed by Lisa Wise, re 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC, 138 (p.758) MOTION for Summary Judgment filed by Intervenor Defendant Ken Paxton (Armon, Orion) (Entered: 05/23/2022) |
| 05/23/2022 | 154 (p.1608) | Opposed MOTION for Leave to Exceed Page Limitation *for Response to Plaintiffs' Motion for Summary Judgment* by Ken Paxton. (Attachments: # 1 (p.28) Exhibit Defendant-Intervenor's Response to Plaintiffs' Motion for Summary Judgment, # 2 (p.50) Appendix Cover Sheet, # 3 (p.54) Appendix for Defendant-Intervenor's Response to Plaintiffs' Motion for Summary Judgment, # 4 (p.60) Proposed Order Granting Motion to Extend Page Limits)(Hunker, Kathleen) (Entered: 05/23/2022) |
| 05/23/2022 | 155 (p.1728) | Response in Opposition to Motion, filed by Terrie Pendley, Lupe C. Torres, re 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC (Patterson, Autumn) (Entered: 05/23/2022) |
| 05/23/2022 | 156 (p.1746) | Response in Opposition to Motion, filed by Texas State LULAC, Voto Latino, re 138 (p.758) MOTION for Summary Judgment filed by Intervenor Defendant Ken Paxton (Dodge, Christopher) (Entered: 05/23/2022) |
| 05/23/2022 | 157 (p.1772) | APPENDIX to 156 (p.1746) Response in Opposition to Motion by Texas State LULAC, Voto Latino. (Dodge, Christopher) (Entered: 05/23/2022) |
| 05/26/2022 | | |

| | | |
|---|---|---|
| | 158 (p.1786) | ORDER GRANTING 154 (p.1608) Motion for Leave to File Excess Pages Signed by Judge Lee Yeakel. (cc3) (Entered: 05/26/2022) |
| 05/30/2022 | 159 (p.1788) | Unopposed MOTION for Extension of Time to File Response/Reply as to 138 (p.758) MOTION for Summary Judgment by Ken Paxton. (Attachments: # 1 (p.28) Proposed Order)(Sweeten, Patrick) (Entered: 05/30/2022) |
| 05/31/2022 | 160 (p.1791) | Unopposed MOTION for Leave to Exceed Page Limitation *in Plaintiffs' Reply Brief in Support of Their Motion for Summary Judgment* by Texas State LULAC, Voto Latino. (Attachments: # 1 (p.28) Exhibit A - Proposed Reply Brief, # 2 (p.50) Exhibit B - Proposed Reply Appendix, # 3 (p.54) Exhibit C - Proposed Order)(Dodge, Christopher) (Entered: 05/31/2022) |
| 06/01/2022 | 161 (p.1835) | MOTION to Withdraw as Attorney by Terrie Pendley, Lupe C. Torres. (Attachments: # 1 (p.28) Proposed Order)(Al-Fuhaid, Munera) (Entered: 06/01/2022) |
| 06/01/2022 | 162 (p.1840) | ORDER GRANTING 159 (p.1788) Motion for Extension of Time to File Response. Signed by Judge Lee Yeakel. (dm) (Entered: 06/01/2022) |
| 06/01/2022 | 163 (p.1841) | ORDER GRANTING 160 (p.1791) Motion for Leave to File Excess Pages Signed by Judge Lee Yeakel. (dm) (Entered: 06/01/2022) |
| 06/01/2022 | 164 (p.1843) | ORDER GRANTING 161 (p.1835) Motion to Withdraw as Attorney. Signed by Judge Lee Yeakel. (dm) (Entered: 06/01/2022) |
| 06/01/2022 | 165 (p.1845) | REPLY Brief filed by Texas State LULAC, Voto Latino, in Support of 140 (p.1116) MOTION for Summary Judgment *and Memorandum of Law in Support* filed by Plaintiff Voto Latino, Plaintiff Texas State LULAC.(dm) (Entered: 06/02/2022) |
| 06/03/2022 | 166 (p.1881) | MOTION to Withdraw as Attorney *Christina M. Beeler* by Isabel Longoria. (Attachments: # 1 (p.28) Proposed Order)(Beeler, Christina) (Entered: 06/03/2022) |
| 06/06/2022 | 167 (p.1887) | ORDER GRANTING 166 (p.1881) Motion to Withdraw as Attorney. Signed by Judge Lee Yeakel. (dm) (Entered: 06/06/2022) |
| 06/10/2022 | 168 (p.1889) | REPLY to Response to Motion, filed by Ken Paxton, re 138 (p.758) MOTION for Summary Judgment filed by Intervenor Defendant Ken Paxton (Hunker, Kathleen) (Entered: 06/10/2022) |
| 06/10/2022 | 169 (p.1902) | NOTICE *of Joinder* by Terrie Pendley, Lupe C. Torres re 168 (p.1889) Reply to Response to Motion (Patterson, Autumn) (Entered: 06/10/2022) |
| 07/11/2022 | 170 (p.1905) | NOTICE of Attorney Appearance by James A. Rodman on behalf of Texas State LULAC. Attorney James A. Rodman added to party Texas State LULAC(pty:pla) (Rodman, James) (Entered: 07/11/2022) |
| 08/02/2022 | 171 (p.1907) | ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT.Signed by Judge Lee Yeakel. (jv2) (Entered: 08/02/2022) |
| 08/02/2022 | 172 (p.1939) | FINAL JUDGMENT. Signed by Judge Lee Yeakel. (jv2) (Entered: 08/02/2022) |
| 08/04/2022 | 173 (p.1941) | Appeal of Final Judgment 172 (p.1939) , 171 (p.1907) by Ken Paxton, Terrie Pendley, Lupe C. Torres. ( Filing fee $ 505 receipt number ATXWDC-16357829) (Hunker, Kathleen) (Entered: 08/04/2022) |
| 08/04/2022 | | |

| | | NOTICE OF APPEAL following 173 (p.1941) Notice of Appeal (E-Filed) by Ken Paxton, Terrie Pendley, Lupe C. Torres. Filing fee $ 505, receipt number ATXWDC-16357829. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (klw) (Entered: 08/05/2022) |
|---|---|---|
| 08/08/2022 | 174 (p.1945) | Opposed MOTION to Stay *or, the Alternative, for Administrative Stay, Pending Appeal* by Ken Paxton, Terrie Pendley, Lupe C. Torres. (Attachments: # 1 (p.28) Proposed Order)(Hunker, Kathleen) (Entered: 08/08/2022) |
| 08/10/2022 | 175 (p.1964) | TRANSCRIPT REQUEST by Ken Paxton for dates of Jan. 6 and 13, 2022. Proceedings Transcribed: Initial Pre-Trial and Court-ordered Telephonic Conferences. Court Reporter: Arlinda Rodriguez.. (Hunker, Kathleen) (Entered: 08/10/2022) |
| 08/11/2022 | 176 (p.1966) | Response in Opposition to Motion, filed by Lisa Wise, re 174 (p.1945) Opposed MOTION to Stay *or, the Alternative, for Administrative Stay, Pending Appeal* filed by Intervenor Defendant Terrie Pendley, Intervenor Defendant Ken Paxton, Intervenor Defendant Lupe C. Torres ~ *Defendants Lisa Wise and Beth Stevens' Opposition to the Intervenor-Defendants' Motion for Stay, or in the Alternative, for Administrative Stay, Pending Appeal* (Hartnett, Kathleen) (Entered: 08/11/2022) |
| 08/16/2022 | 177 (p.1972) | TRANSCRIPT REQUEST by Terrie Pendley, Lupe C. Torres. (Patterson, Autumn) (Entered: 08/16/2022) |
| 08/19/2022 | 178 (p.1973) | Unopposed MOTION to Withdraw as Attorney by Texas State LULAC, Voto Latino. (Hawley, Jonathan) (Entered: 08/19/2022) |
| 08/19/2022 | 179 (p.1977) | DEFICIENCY NOTICE: re 178 (p.1973) Unopposed MOTION to Withdraw as Attorney (dm) (Entered: 08/19/2022) |
| 08/19/2022 | 180 (p.1978) | Proposed Order to 178 (p.1973) Unopposed MOTION to Withdraw as Attorney by Texas State LULAC, Voto Latino. (Hawley, Jonathan) (Entered: 08/19/2022) |
| 08/22/2022 | 181 (p.1980) | ORDER GRANTING 178 (p.1973) Motion to Withdraw as Attorney. Signed by Judge Lee Yeakel. (dm) (Entered: 08/22/2022) |
| 08/22/2022 | 182 (p.1982) | Response in Opposition to Motion, filed by Texas State LULAC, Voto Latino, re 174 (p.1945) Opposed MOTION to Stay *or, the Alternative, for Administrative Stay, Pending Appeal* filed by Intervenor Defendant Terrie Pendley, Intervenor Defendant Ken Paxton, Intervenor Defendant Lupe C. Torres (Nkwonta, Uzoma) (Entered: 08/22/2022) |
| 08/26/2022 | 189 (p.2037) | ORDER of USCA (certified copy); Appellants motion for a temporary administrative stay is GRANTED re Notice of Appeal. (dm) (Entered: 09/09/2022) |
| 08/29/2022 | 183 (p.2005) | REPLY to Response to Motion, filed by Ken Paxton, Terrie Pendley, Lupe C. Torres, re 174 (p.1945) Opposed MOTION to Stay *or, the Alternative, for Administrative Stay, Pending Appeal* filed by Intervenor Defendant Terrie Pendley, Intervenor Defendant Ken Paxton, Intervenor Defendant Lupe C. Torres (Hunker, Kathleen) (Entered: 08/29/2022) |
| 08/30/2022 | 184 (p.2018) | MOTION for Reconsideration re 171 (p.1907) Order, Terminate Motions *DEFENDANTS LISA WISE, MICHAEL SCARPELLO, AND CLIFFORD TATUMS* |

| | | |
|---|---|---|
| | | *MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURTS AUGUST 2, 2022 ORDER AND JUDGMENT* by Lisa Wise. (Hartnett, Kathleen) (Entered: 08/30/2022) |
| 09/06/2022 | 185 (p.2033) | Unopposed MOTION to Withdraw as Attorney *John R. Hardin* by Texas State LULAC, Voto Latino. (Attachments: # 1 (p.28) Proposed Order)(Hardin, John) (Entered: 09/06/2022) |
| 09/07/2022 | 190 (p.2039) | ORDER of USCA (certified copy) ; re Notice of Appeal. It is ORDERED that this appeal is expedited to the October 2022 sitting. (dm) (Entered: 09/09/2022) |
| 09/08/2022 | 186 (p.2041) | Transcript filed of Proceedings held on January 6, 2022, Proceedings Transcribed: Initial Pretrial Conference. Court Reporter/Transcriber: Arlinda Rodriguez, Telephone number: 512-391-8791. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 9/29/2022, Redacted Transcript Deadline set for 10/11/2022, Release of Transcript Restriction set for 12/7/2022, Appeal Record due by 9/23/2022, (Rodriguez, Arlinda) (Entered: 09/08/2022) |
| 09/08/2022 | 187 (p.2063) | Transcript filed of Proceedings held on January 13, 2022, Proceedings Transcribed: Telephone Conference. Court Reporter/Transcriber: Arlinda Rodriguez, Telephone number: 512-391-8791. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 9/29/2022, Redacted Transcript Deadline set for 10/11/2022, Release of Transcript Restriction set for 12/7/2022, Appeal Record due by 9/23/2022, (Rodriguez, Arlinda) (Entered: 09/08/2022) |
| 09/08/2022 | 188 (p.2036) | ORDER GRANTING 185 (p.2033) Motion to Withdraw as Attorney. Signed by Judge Lee Yeakel. (dm) (Entered: 09/08/2022) |

TAB 2: NOTICE OF APPEAL (ROA.1941-1944)

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| TEXAS STATE LULAC; VOTO LATINO | |
| *Plaintiffs*, | |
| v. | |
| BRUCE ELFANT, in his official capacity as the Travis County Tax Assessor-Collector; JACQUELYN CALLANEN, in her official capacity as the Bexar County Elections Administrator; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMON, in her official capacity as the Hidalgo County Elections Administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; and LISA WISE, in her official capacity as El Paso County Elections Administrator, | Case No. Case No. 1:21-cv-00546-LY |
| *Defendants*, | |
| and | |
| KEN PAXTON, in his official capacity as Attorney General of Texas; LUPE C. TORRES, in his official capacity as Medina County Elections Administrator; and TERRIE PENDLEY, in her official capacity as Real County Tax Assessor-Collector, | |
| *Intervenor-Defendants.* | |

## NOTICE OF APPEAL

Pursuant to Federal Rules of Appellate Procedure 3(a)(1) and 4(a)(1)(A), Intervenor-

Defendants Ken Paxton, in his official capacity as Attorney General of Texas; Lupe C. Torres, in

his official capacity as Medina County Elections Administrator; and Terrie Pendley, in her official

capacity as Real County Tax Assessor-Collector, give this notice of appeal to the United States Court of Appeals for the Fifth Circuit from the Order and Final Judgment entered in this action on August 2, 2022, which granted in part and denied in part the parties' cross-motions for summary judgment. [ECF No. 171–72].

Dated: August 4, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Texas Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Texas Bar No. 24088531

 */s/Kathleen T. Hunker*
KATHLEEN T. HUNKER
Special Counsel
Texas Bar No. 24118415

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

*Counsel for Intervenor-Defendant Ken Paxton, in his official capacity as Texas Attorney General*

*/s/Autumn Hamit Patterson*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
AUTUMN HAMIT PATTERSON
Texas Bar No. 24092947
apatterson@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Counsel for Intervenor-Defendants Lupe C. Torres and Terrie Pendley*

## <u>CERTIFICATE OF SERVICE</u>

I, Kathleen T. Hunker, hereby certify that on August 4, 2022, a true and correct copy of the within document was served on all parties via the Electronic Case Filing System.

/s/  <u>*Kathleen T. Hunker*</u>

Kathleen T. Hunker

**TAB 3: ORDER ON MOTIONS FOR CROSS-SUMMARY JUDGMENT (ROA.1907-1938)**

FILED

22 AUG -2 PM 4: 58

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS STATE LULAC; VOTO LATINO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | |
| | § | |
| BRUCE ELFANT, IN HIS OFFICIAL | § | |
| CAPACITY AS TRAVIS COUNTY TAX | § | |
| ASSESSOR-COLLECTOR; JACQUELYN | § | |
| CALLANEN, IN HER OFFICIAL | § | |
| CAPACITY AS BEXAR COUNTY | § | |
| ELECTIONS ADMINISTRATOR; | § | |
| ISABEL LONGORIA, IN HER OFFICIAL | § | |
| CAPACITY AS HARRIS COUNTY | § | |
| ELECTIONS ADMINISTRATOR; | § | |
| YVONNE RAMON, IN HER OFFICIAL | § | |
| CAPACITY AS HIDALGO COUNTY | § | |
| ELECTIONS ADMINISTRATOR; | § | |
| MICHAEL SCARPELLO, IN HIS | § | |
| OFFICIAL CAPACITY AS DALLAS | § | |
| COUNTY ELECTIONS | § | |
| ADMINISTRATOR; LISA WISE, IN HER | § | |
| OFFICIAL CAPACITY AS EL PASO | § | |
| COUNTY ELECTIONS | § | |
| ADMINISTRATOR, | § | |
| | § | |
| DEFENDANTS, | § | CAUSE NO. 1:21-CV-546-LY |
| | § | |
| KEN PAXTON, IN HIS OFFICIAL | § | |
| CAPACITY AS ATTORNEY GENERAL | § | |
| OF TEXAS; LUPE TORRES, IN HER | § | |
| OFFICIAL CAPACITY AS MEDINA | § | |
| COUNTY ELECTIONS | § | |
| ADMINISTRATOR; AND TERRIE | § | |
| PENDLEY, IN HER OFFICIAL | § | |
| CAPACITY AS REAL COUNTY TAX | § | |
| ASSESSOR-COLLECTOR, | § | |
| | § | |
| INTERVENOR-DEFENDANTS. | § | |

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

In the 87th Regular Session, the Texas Legislature enacted Senate Bill 1111 (S.B. 1111), amending certain provisions of the Texas Election Code. 87th Leg., Reg. Sess. (Tex. 2021). This is a Section 1983 case brought by Texas State LULAC and Voto Latino (collectively, "Plaintiffs") to enjoin election officials in Travis, Bexar, Harris, Hidalgo, Dallas, and El Paso Counties (collectively, "Defendants" or the "Counties") from applying S.B. 1111.[1]

Before the court are cross-motions for summary judgment by the Plaintiffs (Doc. 140) and State (Doc. 138) as well as their respective reply briefs (Doc. 165, 168). The court has also reviewed Plaintiffs' appendices (Doc. 141, 157), response brief (Doc. 156), and several response briefs from other parties, which either take a position (Doc. 151,[2] 153,[3] 155[4]) or "take[] no position on the competing claims and positions advanced in the pending summary[-]judgment motions" (Doc. 146–148, 152).

---

[1] Texas Attorney General Ken Paxton intervened, asserting the interests of the State of Texas. As Paxton is acting on behalf of the State of Texas and their interests do not diverge, for simplicity the court will refer to Paxton as the "State." Election officials from Medina and Real Counties intervened as well.

[2] Defendant Yvonne Ramon argues that Plaintiffs fail to state a Section 1983 claim because Plaintiffs fail to satisfy *Monell v. New York City Department of Social Services.* 436 U.S. 658, 694 (1978). The *Monell* Court held that a municipal government is not liable under Section 1983 for an injury inflicted by a municipal employee, unless the employee was executing the "government's policy or custom, whether made by its lawmakers or by [a final policymaker]." *Id.*

[3] Defendant Lisa Wise asks the court to resolve "[Texas Election Code Section 1.015(b)]'s lack of clarity[, which] has real impact on voters' ability to register and vote, as well as on Ms. Wise's (and other election officials') role overseeing voter registration."

[4] Intervenor-Defendants Lupe Torres and Terrie Pendley argue Plaintiffs lack standing to sue and then, with respect to the merits, flag relevant statutes for the court. *See* Tex. Elec. Code. § 15.054(b), (d)(2), (f),

22-50690.1908

Plaintiffs challenge the provisions of S.B. 1111 contained in Texas Election Code Sections 1.015(b), 1.015(f), 15.051(a), 15.052(b), 15.053(a), and 15.054(a). Three of S.B. 1111's provisions in particular are at issue. The first contested provision states, "[a] person may not establish residence for the purpose of influencing the outcome of a certain election" (the "Residence Provision"). Tex. Elec. Code § 1.015(b). The second contested provision states, "[a] person may not designate a previous residence as a home and fixed place of habitation unless the person inhabits the place at the time of designation and intends to remain" (the "Temporary-Relocation Provision"). *Id.* § 1.015(f). Both of these rules elaborate on the definition of "residence" contained in Section 1.015 of the Texas Election Code. *Id.* § 1.015(b), (f); *see also id.* § 1.015(a) ("In this code, 'residence' means domicile, that is, one's home and fixed place of habitation to which one intends to return after any temporary absence."). Third and finally, S.B. 1111 adds that "[i]f the voter's residence address is a commercial post office box or similar location that does not correspond to a residence, [the voter shall submit to the registrar] evidence of the voter's residence as required by Section 15.054 or an indication that the voter is exempt from those requirements" (the "PO Box Provision"). *Id.* § 15.053(a). This last rule change to Section 15.053(a) corresponds with similar changes to Sections 15.051(a), 15.052(b), and 15.054(a). *Id.* §§ 150.051–15.054.

## STANDARD

Summary judgment shall be rendered when the evidence shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 ("Rule 56"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–325 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

3

22-50690.1909

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other admissible evidence. *Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

On cross-motions for summary judgment, the court reviews each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party and determining for each side whether judgment may be rendered in accordance with Rule 56. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010); *Shaw Constr. v. ICF Kaiser Engrs., Inc.*, 395 F.3d 533 n. 8–9 (5th Cir. 2004). Ultimately, "if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

## ANALYSIS

Plaintiffs contend that the Residence Provision, Temporary-Relocation Provision, and PO Box Provision of S.B. 1111 unconstitutionally burden the right to vote. In addition to disputing this contention, Defendants challenge Plaintiffs' standing to sue altogether. The court begins with standing, which is jurisdictional.

4

## I. STANDING

A federal court's jurisdiction extends only to "Cases" and "Controversies." U.S. CONST. art. III, § 2. Standing doctrine satisfies the case-or-controversy requirement by insisting a federal plaintiff suffer a concrete and particularized "injury"—such as an "organizational" or "associational" injury—that is "traceable" to the defendant and "redressable" by the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992); *In re Deepwater Horizon*, 739 F.3d 790, 799 (5th Cir. 2014); *NAACP v. City of Kyle*, 626 F.3d 233, 237–238 (5th Cir. 2010) (hereinafter "*NAACP*"). Statutory standing, in turn, is a prudential limit on a plaintiff that goes to whether the plaintiff has a cause of action. *Vote.org v. Callanen*, No. 22-50536, 2022 WL 2389566, *4 (5th Cir. July 2, 2022).

Plaintiffs are organizations committed to educating and registering voters in Texas. The State asserts that Plaintiff Texas State LULAC, a nonprofit-membership organization "protecting the civil rights, including voting rights" of its more than 8,000 members across Texas, and Plaintiff Voto Latino, a 501(c)(4) nonprofit-social-welfare organization "working to ensure that Latino voters are enfranchised," lack both constitutional and statutory standing. The State says Plaintiffs lack constitutional standing because Plaintiffs have not articulated a cognizable injury. And Plaintiffs lack statutory standing, the argument goes, because Section 1983 generally confers a cause of action on an organization whose rights have been violated, not on one attempting to vindicate a third party's rights. One county official raises the question whether a county official is a proper Section 1983 defendant in a suit challenging state law.

5

22-50690.1911

### A. Constitutional Standing

A plaintiff organization can establish an "injury" with evidence showing one of its members has been concretely affected by defendant's conduct (often referred to as "associational" standing) or evidence showing the organization itself has been concretely affected by defendant's conduct (often referred to as "organizational" standing). *NAACP*, 626 F.3d at 237–238 (holding nonprofit lacked both associational and organizational standing).

#### 1. Plaintiffs Lack Associational Standing

For an associational-standing claim, the general rule is that a plaintiff must show that "a specific member" within its organization has been affected by a defendant. *Id.* at 237. But Plaintiffs do not. Instead, Plaintiffs invoke an exception to this straightforward requirement, which applies where "*all* the members of the organization are affected by the challenged conduct." (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 498–499 (2009) ("This requirement of naming the affected members has never been dispensed with in light of statistical probabilities, but only where *all* the members of the organization are affected by the challenged conduct.")). For example, everyone in an organization is affected by release of the organization's membership list. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 459 (1958).

Logic will not permit the court to conclude that all of Plaintiffs' members may register to vote with "a previous residence" or "a commercial post office box," nor that they may establish a residence "for the purpose of influencing an election." *But see* Tex. Elec. Code §§ 1.015, 15.051, 15.053, 15.054. In theory, Plaintiffs' members may freely move from one residence to another. But "[w]hile it is certainly possible—perhaps even likely—that one individual will meet all of these criteria, that speculation does not suffice." *Summers*, 555 U.S. at 499. Standing is not "an ingenious

6

academic exercise of the conceivable;" it requires "a factual showing of perceptible harm." *Id.* A statistical probability, even a statistical "likel[ihood]" of harm, is insufficient to support standing under current precedent. For instance, an organization lacked standing where it failed to identify a member with more than "a chance" of visiting a particular parcel of the national forest, despite the statistical likelihood that at least one member would visit said parcel. *Summers*, 555 U.S. at 499. *Id.* ("Accepting an intention to visit the national forests as adequate to confer standing to challenge any Government action affecting any portion of those forests would be tantamount to eliminating the requirement of concrete, particularized injury in fact."). Likewise here, all of Plaintiffs' members may generally be interested in the meaning of S.B. 1111 in an academic sense, but they are not all affected by it in a categorical way. Unless "all" members are affected by a challenged law, Plaintiffs must identify one member who is. That is "surely not a difficult task here, when so many thousands are alleged to have been harmed." *Id.*

The court concludes that Plaintiffs lack an associational injury.

### 2. Plaintiffs Have Organizational Standing

Plaintiffs assert two organizational injuries: Plaintiffs have had to "divert resources" from their usual activities to circumvent Defendants' conduct, and Defendants' conduct has had a "chilling effect" on Plaintiffs' speech. The theories appear to be in tension—as Plaintiffs argue both that S.B. 1111 has compelled Plaintiffs to pore money into voter education and that S.B. 1111 has deterred Plaintiffs' from educating voters—but the theories are not mutually exclusive.

#### i. Based on Diverted Resources

To establish an Article III injury from a diversion of resources, an organization may not merely recite its "abstract" social interests in voter enfranchisement or civic justice. *Havens Realty*

7

*Corp. v. Coleman*, 455 U.S. 363, 379 (1982). Instead, the organization must show a "perceptible" harm to such social interests. *Id.* ("Such . . . [a] drain on the organization's resources [] constitutes far more than simply a setback to the organization's abstract social interests."). This showing could be made by identifying "specific projects" the organization has had to put on hold. *NAACP*, 626 F.3d at 238–239 ("Plaintiffs have not identified any specific projects that the [organization] had to put on hold or otherwise curtail in order to respond to the revised [law]."); *see also Florida State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1166 (11th Cir. 2008) (distinguishing between harm to "abstract social interests" and to "actual ability to conduct specific projects during a specific period of time"). To be sure, though, identifying specific projects is "not a heightening of the *Lujan* standard, but an example of how to satisfy it[.]" *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017) (citing *Lujan*, 504 U.S. at 555).

Plaintiffs have adequately identified such "specific projects" here: LULAC has declined to fund federal-immigration-reform and criminal-justice-reform programs this year and also diverted funding away from its annual scholarship programs in order to educate members about S.B. 1111's requirements. And Voto Latino has funded in-state voter-registration efforts at the expense of out-of-state efforts. This is the first year since 2010 that Voto Latino will be unable to run a voter-registration drive in Colorado. The State, nevertheless, employs *NAACP* to argue that Plaintiffs have failed to "divert[] significant resources to counteract" S.B. 1111. 626 F.3d at 238. The court disagrees. In addition to withholding money from three separate programs, LULAC is, for the first time, "spending over maybe $1 million to $2 million in Texas" to counteract election laws like S.B. 1111. Far less has been upheld as an Article III injury. *See, e.g., Habitat Educ. Ctr. v. United States Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) (regarding withholding of $10,000).

8

Likewise, Voto Latino has not only reduced voter-registration efforts in other states, but has also *closed* its voter-registration program in Colorado altogether. This is neither "routine" nor "conjecture[]." *Id.* at 238–239 (citing *Association for Retarded Citizens of Dallas v. Dallas Cty. Mental Health & Mental Retardation Ctr. Bd.*, 19 F.3d 241, 243 (1999)). Plaintiffs' have devoted significant resources—both in a qualitative and quantitative sense—to mitigate Defendants' conduct.

Furthermore, Plaintiffs' diversion of resources is traceable to Defendants, a consortium of election officials who have "the responsibility of reviewing voter registration applications" for conformity with election laws such as S.B. 1111. *See Texas Democratic Party v. Hughs*, 860 F. App'x 874, 876, 878 (5th Cir. 2021) (holding Secretary of State was improper defendant, despite her "significant" role in elections, when "county registrars are the ones who review voter registration applications for compliance with the Election Code" (citing Tex. Elec. Code §§ 31.003, 31.004(a), 31.005, 13.002(b), 13.071, 13.072)). It is no matter that the officials are "only implementing the consequences of others' actions—that is, [those actions] by the legislature;" the causal nexus demanded by traceability is not broken because a legislative enactment was a preceding, but-for cause. *See Durham v. Martin*, 905 F.3d 432, 434 (6th Cir. 2018) ("Even if it is true that the legislature's [action] was the ultimate reason why [plaintiff] lost his benefits, it was still the [defendants] who denied those benefits to [plaintiff]. That they denied the benefits because of [plaintiff's preceding] expulsion does not change the fact that they were the state actors whose conduct resulted in the injury—denial of benefits—alleged in the complaint."). Lastly, the court can fashion relief for Plaintiffs by enjoining Defendants from processing voter-registration applications in accordance with S.B. 1111. *Id.* Plaintiffs therefore satisfy all three elements of constitutional standing with an organizational theory of harm.

9

The court concludes that Plaintiffs have organizational standing.

### ii. Based on Chilling Effect

Alternatively, Plaintiffs assert an organizational injury based on the fact that Defendants are "chilling" Plaintiffs' speech, particularly at voter-registration drives. For example, Voto Latino President Maria Teresa Kumar noted that over a quarter million "Latino youth alone are going to turn 18 by the midterm" election and stated that Voto Latino is doing their best "trying to explain" S.B. 1111 to these youth but cannot "communicate freely with certitude that the[se youth] will not be in violation" of the law. Similarly, LULAC President Domingo Garcia not only explained that S.B. 1111 has a chilling effect on members—who "become deputy voter registrars," "do voter registration drives," and "train" prospective voters—but also expressed concern that there are criminal penalties associated with registration violations.

Plaintiffs further note that voter-registration drives explicitly involve not just "speech," but "core political speech" such as "urging" citizens to register, "distributing" voter-registration forms," and "helping" voters complete their forms. *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 390 (5th Cir. 2013) ("Soliciting, urging, and persuading the citizen to vote are the forms of the canvasser's speech, but only the voter decides to 'speak' by registering."). Cases involving "core political speech" are so central to First-Amendment protections that they are generally "subject to exacting scrutiny." *Meyer v. Grant*, 486 U.S. 414, 420 (1988).

A chilling "effect" is objective, not "subjective." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013). Plaintiffs must have a reasonable basis for being afraid to speak up, such as a "credible threat of prosecution." *Babbit v. Farm Workers*, 442 U.S. 289, 298 (1979). A plaintiffs' feeling could otherwise have the perverse effect of chilling a defendants' speech. That said, the

22-50690.1916

Texas Election Code does make certain voting-related offenses a crime. *See, e.g.*, Tex. Elec. Code § 64.012 ("A person commits an offense if the person knowingly or intentionally: (1) votes or attempts to vote in an election in which the person knows the person is not eligible to vote . . . ."); 276.012 ("A person commits an offense if, with the intent to deceive, the person knowingly or intentionally makes a false statement or swears to the truth of a false statement . . . on a voter registration application . . . ."); *Health v. Texas*, No. 14-CR-532, 2016 WL 2743192, at *1–2 (Tex. Ct. App. May 10, 2016) (affirming conviction where voter registered to vote and voted at address that did not qualify as residence under Texas Election Code). And helping someone commit a crime is a crime. *See, e.g.*, *United States v. Collins*, 774 F.3d 256, 260, 263 (5th Cir. 2008) (identifying elements of aiding and abetting fraud as well as conspiracy to commit fraud). The threat of prosecution is particularly fraught where, as here, the State has publicly declared one of its key priorities to be "to investigate and prosecute the increasing allegations of voter fraud to ensure election integrity within Texas."[5] So far, 534 fraud offenses against 155 individuals have been "[s]uccessfully prosecuted," with 510 additional offenses "currently pending prosecution" and 386 under "active election fraud investigations." By helping Texans register to vote, Plaintiffs therefore not only have exposure, but also risk exposing these Texans to liability. *Clapper*, 568 U.S. at 417 (acknowledging cases where unconstitutional chilling effect arose from "regulations that f[e]ll short of a *direct* prohibition against the exercise of First Amendment rights" (emphasis added)).

---

[5] Attorney General of Texas, *Election Integrity*, OFFICE OF THE ATTORNEY GENERAL (last visited July 28, 2022), https://www.texasattorneygeneral.gov/initiatives/election-integrity. The court may take judicial notice of a government website, and may consider matters of which it takes judicial notice on a motion for summary judgment. *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website); *see also* Fed. R. Evid. 201(b) (court may judicially notice fact that is "generally known" or "readily determin[able]").

Moreover, the chilling effect experienced by the Plaintiffs is "traceable" to the Defendants and "redressable" by the court, as required by Article III of any alleged "injury." *Lujan*, 504 U.S. at 560. To support this, Plaintiffs rely on a case where defendants were likewise county election officials. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 153, 164 (2014). There, the named defendants were officials who could subpoena witnesses, compel document production, hold hearings, issue reprimands, and refer matters—"punishable by up to six months of imprisonment, a fine up to $5,000, or both"—to the county prosecutor. *Id.* Although the county election officials here lack the express power to propound discovery beyond the Federal Rules of Civil Procedure, the officials are entrusted with determining who has violated an election law and with notifying state or county prosecutors of the violation. Tex. Elec. Code § 15.028 ("If the registrar determines that a person who is not eligible to vote registered to vote or voted in an election, the registrar shall, within 72 hours not including weekends after making the determination, execute and deliver to the attorney general, the secretary of state, and the county or district attorney having jurisdiction in the territory covered by the election an affidavit stating the relevant facts."). Defendants play an important role in S.B. 1111's election-fraud-enforcement scheme, and the court can enjoin aspects of this role.

In sum, Plaintiffs have articulated two distinct harms that satisfy all three irreducible elements of constitutional standing, based not only on Plaintiffs' "diverted resources" away from specific projects, but also Defendants' "chilling effect" on Plaintiffs' core political speech.

### B. Statutory Standing

Section 1983 creates a cause of action for "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. In short, Section 1983 is a procedural mechanism for asserting federal rights against state and local actors.

A plaintiff organization can demonstrate standing to bring a Section 1983 claim in two ways. The first is by showing a direct violation of the plaintiff's rights under the statute. "There is no question that an association may have standing in its own right to seek judicial relief from injury to itself." *Warth v. Seldin*, 422 U.S. 490, 511 (1975). The second is by having third-party standing, which is an exception to "the general prohibition on raising the rights of third parties." *Berry v. Jefferson Parish*, No. 08-30614, 326 Fed. App'x 748, 750 (5th Cir. May 5, 2009) ("[Plaintiff] must also satisfy prudential standing requirements, including the general prohibition on raising the rights of third parties." (citing *Warth*, 422 U.S. at 499)). Plaintiffs attempt both approaches.

### 1. Plaintiffs Lack Third-Party Standing

"[E]ven in the absence of injury to itself," a plaintiff organization can have statutory standing to bring a Section 1983 claim on behalf of its members. But the Court has "not looked favorably upon third-party standing," instead (a) asking the party asserting the right to have a "close" relationship with the person who possesses the right and (b) considering whether there is a "hindrance" to the possessor's ability to protect his own interests. *Kowlaski v. Tesmer*, 543 U.S. 125, 130 (2004) (citing *Powers v. Ohio*, 499 U.S. 400, 411 (1991) (holding "the litigant must have a close relation to the third party and there must exist some hindrance to the third party's ability to protect his or her own interests")). There is no evidence that Plaintiffs' members lack the ability to challenge S.B. 1111. *See id.* Plaintiffs do not identify a member who has been harmed by S.B. 1111, let alone identify a member who cannot "protect" themselves from this alleged harm.

13

For instance, when asked to describe a constituent who had been burdened by S.B. 1111, LULAC replied "[t]he bills just passed this last session so it's too early," and Voto Latino replied "I think that's part of the challenge that we don't know who we turned away as a result of S.B. 1111." Plaintiffs instead rely upon non-binding precedent to argue it is "rather obvious" that minors are hindered in their ability to protect their own interests. *See Payne-Barahona v. Gonzales*, 474 F.3d 1, 2 (1st Cir. 2007); *Hutchins by Owens v. District of Columbia*, 188 F.3d 531 (D.C. Cir. 1999).

The court concludes that Plaintiffs lack statutory standing to assert a Section 1983 claim on behalf of third parties.

### 2. Plaintiffs Have Suffered Direct Harm

Plaintiffs also, however, argue their organizational injury implicates their own constitutional rights, enforceable under Section 1983. Precedent and prudence support this argument. *See Lewis v. Hughs*, 475 F. Supp. 3d 597, 613 n.2 (W.D. Tex. 2020) (holding nonprofit plaintiffs had statutory standing because they had "direct" organizational and associational claims), *rev'd on other grounds sub nom. Lewis v. Scott*, 28 F.4th 659 (5th Cir. 2022); *Association of Am. Physicians & Surgeons v. Texas Med. Bd.*, 627 F.3d 547, 551 (5th Cir. 2010) (holding nonprofit plaintiff with associational injury had standing to assert Section 1983 claim); *Georgia Coal. People's Agenda, Inc. v. Kemp*, 347 F. Supp. 3d 1251, 1258 (N.D. Ga. 2018) (holding nonprofit plaintiffs with organizational injury based on diversion of resources had standing to bring Section 1983 claim). Of course, having a cognizable injury under Article III is required of all federal actions, and is not the same as having a constitutional injury to one's own civil rights. But subsumed in Plaintiffs' cause here are two direct harms, not only to its pocketbook, but also to its First-Amendment right to advise voters without threat of prosecution.

14

The court therefore concludes that Plaintiffs have personally suffered a direct harm that is redressable under Section 1983.

### 3. Plaintiffs Satisfy Section 1983

Related to the question whether Plaintiffs are proper Section 1983 parties is the question whether Defendants are. Plaintiffs are suing county election officers in their "official," rather than personal, capacities. The Supreme Court stated in *Monell*, and later specifically held, that a suit against a county officer in the officer's official capacity is "tantamount" to a suit against the county itself. 436 U.S. 658 (1978); *Brandon v. Holt*, 469 U.S. 464 (1985). That is, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 693 n. 55). As long as the governmental entity receives notice and an opportunity to respond, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," which is the real party in interest. *Graham*, 473 U.S. at 166.

Additionally, a governmental entity is only liable under Section 1983 if the entity had a "policy or custom" that was the "moving force" behind the alleged injury. *Monell*, 473 U.S. at 694 ("[I]t is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible[.]"); *Graham*, 473 U.S. at 166 ([A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation."). This standard applies whether the lawsuit is for monetary or prospective relief. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 36–37 (2010) ("The language of § 1983 read in light of *Monell*'s understanding of the legislative history explains why claims for prospective relief, like claims for

15

money damages, fall within the scope of the 'policy or custom' requirement."). The rationale is that a governmental entity should not be held liable for the unconstitutional actions of its employees simply under a theory of vicarious liability, such as respondeat superior. *Monell*, 473 U.S. at 694.

Policy, in the *Monell* sense, can be made by the municipality's legislative body, but policy can also be made by any municipal official who "possess[es] final authority to establish municipal policy with respect to the [allegedly harmful] action," often referred to as a "final policymaker." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470 (1986) (plurality opinion) ("It is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."). The question whether an official is a final policymaker is determined by reference to state and local law. *Jett v. Dallas ISD*, 491 U.S. 701 (1989).

An obvious *Monell* policy here is S.B. 1111 itself. But S.B. 1111 is state law enacted by state lawmakers, and Plaintiffs' lawsuit is against county officials. A dispositive question, then, is whether *county* policy was the moving force behind Plaintiffs' harm. Though this appears to be a question of first impression in the Fifth Circuit, there are two relevant standards. First, interpretation of ambiguous state law can amount to a policy because it involves "a course of action chosen from among various alternatives," a hallmark of policymaking. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) ("[T]he word policy generally implies a course of action consciously chosen from among various alternatives"); *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167 (5th Cir. 1996) (discussing city's "policy" interpreting state land development law); *Turner v. Upton Cty.*, 915 F.2d 133 (5th Cir. 1990) (holding court erred in absolving county of Section 1983 liability, where county sheriff was accused of conspiring with state prosecutor to subject plaintiff to sham state-court trial).

16

Second, at least four circuits, to varying degrees, are in agreement that "a municipality engages in policymaking when it determines to enforce a state law that authorizes it to perform certain actions but does not *mandate* that it do so." *Vives v. City of New York*, 524 F.3d 346, 351 (2d Cir. 2008) (emphasis added) (vacating summary-judgment order and remanding for further factual findings regarding whether state law imposed obligation on city to enforce state law) (citing *Cooper v. Dillon*, 403 F.3d 1208, 1222–1223 (11th Cir. 2005) (holding municipality could be liable for enforcing state law when (1) municipal ordinance prohibited all crimes prohibited by state law and (2) state law merely authorized enforcement without requiring it); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (holding municipality's policy of allowing deadly force in situations was *Monell* policy even though state statute authorized such force because state law did not require deadly force in any situation); *Evers v. County of Custer*, 745 F.2d 1196, 1201 (9th Cir. 1984) (holding county board's declaration that plaintiff's road was a public road sufficed to impose liability although state law permitted said declaration)); *see also Bethesda Lutheran Homes & Servs., Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998) ("When the municipality is acting under compulsion of state or federal law, it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury."); *but see Surplus Store & Exch., Inc. v. City of Delphi*, 928 F.2d 788, 791 (7th Cir. 1991) (holding enforcement of state statute was not a municipal "policy" and stating "[i]t is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the policy of enforcing state law"); *Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993) (holding county board did not act in policymaking capacity when it fired plaintiff because termination procedures were prescribed by state, though they allowed some discretion);

17

*Whitesel v. Sengenberger*, 222 F.3d 861, 872 (10th Cir. 2000) (stating it was not clear whether policy of state entity authorized municipal action but emphasizing municipal entity cannot be liable for merely implementing policy created by state entity). At least one federal court has found a city liable when the city's actions were mandated by the state. *Davis v. City of Camden*, 657 F. Supp. 396, 402 (D.N.J. 1987).

Likewise here, Defendants engaged in policymaking by interpreting ambiguous state law. The Counties interpret state law both when they provide guidance to staff or voters and when they accept or deny voter-registration applications in accordance with their understanding of S.B. 1111. Not all state law is ambiguous, but the provisions at issue here are. The residence-related provisions contain several terms (such as "establish" and "inhabit[]") without defining them, and the plain meaning of these terms can lead to competing interpretations of the text as a whole. Tex . Elec. Code § 1.015(b), (f). Additionally, the remaining disputed provisions do not delineate when or why a registrar might "ha[ve] reason to believe that a voter's . . . residence address is a commercial post office box or similar location that does not correspond to a residence." *Id.* §§ 15.051(a), 15.053(a). Many Counties agree that S.B. 1111 is open to interpretation, stating, for example, that the Residence Provision "can take many different forms . . . so it's really hard to pinpoint exactly what [the provision] is addressing" and that the Temporary-Relocation Provision engenders "confusion about some of the language, especially as it relates to some student voters." And the Secretary has argued that she lacks the ability to impose her own interpretations on local officials, because the Texas Election Code "does not provide [the Secretary] the power to coerce local officials."

Furthermore, Defendants engaged in policymaking by taking extra steps to enforce state law. The Counties do not merely honor obligations imposed by the State of Texas. The Texas Legislature

18

permitted the Counties to create the county-level positions at issue here, and each County's governing body chose to create said positions.    Tex. Local Gov't Code § 31.031 ("The commissioners court by written order may create the position of county elections administrator for the county."); *see also id.* § 31.048 ("The commissioners court by written order may abolish the position of county elections administrator at any time.").[6]   "Generally," the "county election administrator shall perform: [*inter alia*] the duties and functions of the voter registrar," (*id.* § 31.043), but the specific manner and substance of these duties is not mandated by the State of Texas.    Moreover, the Counties are "no[t] require[d] to proactively" check a voter's residence address, nor are they required to use the Secretary of State's forms.[7]    Ultimately, an intentional bifurcation of responsibility over elections between the State of Texas and Counties within it cannot be used to thwart accountability by all levels of government.    *See Shelley v. Kraemer*, 334 U.S. 1, 19–20 (1948) ("We have no doubt there has been state action in these cases in the full and complete sense of the phrase . . . . It is clear that but for the active intervention of [one branch of government], supported by the full panoply of state power, [the alleged harm would not have occurred].").    This point is particularly salient when the Circuit has held that the Secretary of State is an improper defendant in a suit challenging a voter-registration rule articulated by her, considering "the county registrars are the ones who review voter registration applications." *Hughs*,

---

[6] The commissioners court is the governing body of the county. *See* Tex. Const. art. V, § 18. If the commissioners court does in fact abolish the position of county elections administrator, then "the county tax assessor-collector is the voter registrar," as is the case in Travis County. *See* Tex. Elec. Code § 31.048.

[7] Keith Ingram, Election Advisory No. 2021-10 (Aug. 31, 2021), available at https://www.sos.state.tx.us/elections/laws/advisory2021-10.html (citing Tex. Elec. Code § 15.052). *See Dretke*, 409 F.3d at 667 (court may take judicial notice of Texas agency's website); Fed. R. Evid. 201(b).

860 Fed. App'x at 876, 878 ("We note that the Secretary indisputably holds high-level responsibilities . . . . But there are also statutes imputing certain responsibilities on the country registrars, such as the actual registering of voters. In particular, they receive and review voter registration applications for compliance with the [Texas] Election Code . . . . The county registrars accept those applications that comply and reject those that do not."); *see also Scott*, 28 F.4th at 663–664 (likewise dismissing Secretary of State in suit allegedly imposing postage requirement on mail-in ballots).

Plaintiffs thus satisfy Section 1983. The court turns to the merits.

## II. S.B. 1111

Those rights identified as "fundamental" under the Equal Protection Clause are entitled to strict scrutiny. *Harper v. Virginia State Bd. of Elections*, 383 U.S. 663, 670 (1966) ("We have long been mindful that where fundamental rights and liberties are asserted under the Equal Protection Clause, classifications which might invade or restrain them must be closely scrutinized and carefully confined. Those principles apply here. For to repeat, wealth or fee paying has, in our view, no relation to voting qualifications; the right to vote is too precious, too fundamental to be so burdened or conditioned."). That is, only a compelling state interest can justify abridgment of a fundamental right, such as the right to vote. *Id.* However, not all voting-related legislation necessarily bears on the fundamental right to vote, and by extension, not all such legislation demands more than a rational-basis review. *McDonald v. Board of Election Comm'rs of Chicago*, 394 U.S. 802, 807–809 (1969) ("[T]here is nothing in the record to indicate that the Illinois statutory scheme has an impact on appellants' ability to exercise the fundamental right to vote. It is thus not the right to vote that is at stake here but a claimed right to receive absentee ballots . . . . We are then left with

20

the most traditional standards for evaluating appellant's equal protection claims . . . . The distinctions drawn by a challenged statute must bear some rational relationship to a legitimate state end and will be set aside as violative of the Equal Protection Clause only if based on reasons totally unrelated to the pursuit of that goal."). Consistent with this is the common-sense recognition that "States retain the power to regulate their own elections." *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). To *protect* voting rights, to *protect* election integrity, and to conduct elections "as a practical matter, there must be a substantial regulation of elections," which are not self-contained. *Id.*

Thus, a court evaluating a state-election law applies "a more flexible standard" of review. *Id.* at 434. That is, the court weighs "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate" against "the precise interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration "the extent to which those interests make it necessary to burden the plaintiff's rights." *Id.* Under this standard, "the rigorousness" of the court's inquiry into the propriety of a state-election law depends upon "the extent to which" the challenged law burdens the right to vote. *Id.* When the right to vote is subject to "severe restrictions," then strict scrutiny is appropriate. *Id.* But when the State imposes only "reasonable, nondiscriminatory restrictions" upon the right to vote, then "the State's important regulatory interests are generally sufficient to justify" the restrictions. *Id.*

### A. PO Box Provision

The PO Box Provision amends Section 15.053 of the Texas Election Code. Tex. Elec. Code § 15.053(a). Generally, the PO Box Provision requires voters whose residence address is a PO box to submit to the registrar "evidence of the voter's residence address." *Id.*

Beginning with the text, the PO Box Provision states: "if the voter's residence address is a commercial post office box or similar location that does not correspond to a residence, evidence of the voter's residence address as required by Section 15.054 or an indication that the voter is exempt from those requirements" shall be submitted by the voter to the registrar. *Id.* By way of definitions, a voter's "residence address" is the street address "that correspond[s] to a person's residence," and a voter's "residence" is their "domicile." *Id.* §§ 1.005(17), 1.015(a).

Context is important. Section 15.053(a)(3) is part of Title 2 ("Voter Qualifications and Registration") Chapter 15 ("General Administration of Registration"), and Subchapter C ("Confirmation of Residence") of the Texas Election Code. Subchapter C contains four sections.[8] Section 15.051 starts, "[i]f the registrar has reason to believe . . . that the voter's residence address is a commercial post office box or similar location that does not correspond to a residence, the registrar shall deliver to the voter a written confirmation notice requesting confirmation of the voter's current residence." *Id.* § 15.051(a). With the confirmation notice, "[t]he registrar shall include an official confirmation notice response form." *Id.* § 15.051(b). Both the notice and response form must carefully conform to Section 15.052, containing *inter alia* "a warning that the voter's registration is subject to cancellation if the voter fails to confirm the voter's current residence address" as well as "spaces for the voter to include all of the information that a person must include in an application to register to vote" and even being "postage prepaid and preaddressed for delivery to the registrar." *Id.* § 15.052(a)–(b).

---

[8] These are: Section 15.051 entitled "Confirmation Notice," 15.052 entitled "Official Confirmation Notice and Confirmation Notice Response Forms," 15.053 entitled "Response to Confirmation Notice," and 15.054 entitled "Documentation of Residence for Purposes of Confirmation Notice Response." *Id.* §§ 15.051–15.054.

22-50690.1928

After the registrar has done its part, the voter does theirs.  Voters who have listed a PO Box as their residence address must essentially resubmit their voter-registration application, submitting "all of the information that a person must include in an application to register to vote," plus a "sworn affirmation of the voter's current residence" and "evidence of the voter's residence address"—absent a qualifying "exempt[ion]." *Id.* § 15.053(a)(3). Relevant documentary "evidence" and statutory "exempt[ions]" are described in Section 15.054.  For example, the voter may provide a photocopy of a driver's license or personal identification card "that corresponds to the voter's residence," or "if the voter has notified the [D]epartment [of Public Safety] of a change of address . . . [, then] an affidavit from the voter stating the new address." *Id.* § 15.054(a)(1). Alternatively, "[a] voter whose residence in this state has no address may document residence under this section by executing an affidavit stating that the voter's residence in this state has no address." *Id.* § 15.053(d).  In short, the voter may respond to the registrar with documentation showing that their residence address is indeed a residence (by verifying their listed address or changing their listed address) or by swearing that they are exempt from the requirement to provide such documentation. *Id.* § 15.054(a) (requiring evidence), (b) (permitting affidavit for voters with no residence), (d) (exempting certain voters, such as members of armed forces).

Before S.B. 1111, the Texas Election Code empowered the registrar to confirm a voter's address, but only if the registrar had "reason to believe that a voter's current residence is different from that indicated on the registration records." *Id.* § 15.051(a).  If so, the registrar would send a notice and response form, and the voter would resubmit "all of the information that a person must include in an application to register to vote." *Id.*  Now, the registrar can also confirm a voter's address if the registrar has "reason to believe . . . that the voter's residence address is a [PO] box or

23

similar location that does not correspond to a residence." And if so, the voter must provide not only

all of the information that a person must include in an application to register to vote, but also a sworn

affirmation and "a photocopy of the first document . . . that corresponds to the voter's residence

under Section 1.015." *Id.* §§ 15.053(a)(2)–(3), 15.054(a), 1.015.

Plaintiffs complain that asking voters to "photocopy a form of identification" and "sign the

[response] form with a wet signature" is a "new and burdensome" process that "applies only to those

voters" whose residence address appears to be a PO Box. Particularly voters, that is, who may not

have the privilege of staying at one residence for all too long. But Plaintiffs have put forth no

evidence suggesting that *signing* a response form—a form that has been printed and provided by the

registrar to the voter with a prepaid and preaddressed envelope—is any more burdensome than

locating a pen and a post-office collection box. And this signature is no more burdensome than the

one that may already be required to register to vote. *See Vote.org*, 2022 WL 2389566, at *4. Instead,

the key question is whether requiring voter identification in this narrow circumstance is sufficiently

burdensome on the voter to overcome the interests of the State.

Underlying the PO Box Provision is the ideal that Texans vote where they live. Confirming

a voter's residence address when that address appears to be a PO Box not only helps voters "get the

right ballots," but also helps the State prevent voter-registration fraud. Voter-registration fraud is

at risk where voters improperly use a PO Box as their residence address; voters may have a PO Box

from the United States Postal Service at many post-office locations in Texas, even if the voters'

home or business is elsewhere. Some can even manage their PO Box online. Furthermore,

Defendants are not bluntly purging voters who use a PO Box from voter-registration rolls.

Defendants are enabling citizens to provide documentation to confirm or cure their voter-registration

24

application, which prohibits use of a PO Box. This is especially "reasonable" where, as here, a voter can submit an affidavit in lieu of identification when the voter is awaiting identification from the Department of Public Safety or the voter has no residence address at all. *See Burdick*, 504 U.S. at 434 (most "rigorous[]" standard of review reserved for law imposing "severe" restriction on right to vote, as opposed to "reasonable, nondiscriminatory restriction[]"); Tex. Elec. Code § 15.054(a)(1) (voter may provide "a driver's license issued to the voter by the Department of Public Safety that has not expired or, if the voter has notified the department of a change of address . . . an affidavit from the voter"), (b) ("voter whose residence in this state has no address may document residence under this section by executing an affidavit").

When the burden imposed by a state-election law is reasonable and nondiscriminatory, as opposed to severe, "the State's important regulatory interests are generally sufficient to justify" that burden. *Burdick*, 504 U.S. at 434. Texans cannot register to vote with a PO Box, and the States' interests here justify requiring identification from Texans who do—with one exception. The State offers no justification for requiring identification from Texans who *change* their address. Whether or not such a justification exists, the State provides none. The Secretary of State's designee, Keith Ingram, agreed a voter-identification requirement is unnecessary in such circumstances:

> If the[ voter] put[s] a different address on [their response form] and they don't supply a copy of their driver's license or anything else on that list [setting out proper documentation], then they would still go on the suspense list . . . . [But] if it's a different address that is actually a residence, then I don't know why we can't use this [response form] as a change of address form. If they're not still claiming to live at the impossible address, then I think we should maybe use this as a change of address form, and they – they're putting their driver's license on it."

25

That is, the Secretary's designee explained that a voter who fails to include a photocopy of identification with their response form will be placed on the State's "suspense list"—unable to vote. But this result is needlessly disenfranchising where the voter cures their voter-registration application by using a different residence address than a PO Box. In such cases, the court agrees the response form "should" simply function as a change-of-address form. Such a form does not require identification, perhaps because the State's voter-registration application already requires a publicly verifiable driver's license number, personal identification number, or social security number.

The State's interests therefore "justify" the PO Box Provision, except with respect to any voter who is "not still claiming to live at" the PO Box. Because in such instances, neither the Secretary of State nor the court can discern any such interest. *See Common Cause/ New York v. Brehm*, 432 F. Sup. 3d 385, 314 (S.D.N.Y. 2020) (where state provided "no legitimate interest to justify" burden imposed by law, law could not "withstand *any* level of scrutiny").

### B. Residence Provision

The Residence Provision warns: "A person may not establish residence for the purpose of influencing the outcome of a certain election." Tex. Elec. Code § 1.015(b).

To understand the Residence Provision, the court examines the text as a whole. Chapter 1 of the Texas Election Code contains "General Provisions," such as the ubiquitous "Definitions" section. Tex. Elec. Code § 1.005. Section 1.015 containing the Residence Provision codifies the meaning of "Residence."[9] Subsection (a) defines residence as a person's "domicile, that is, one's

---

[9] Section 1.015 of the Texas Election Code provides:

(a) In this code, "residence" means domicile, that is, one's home and fixed place of habitation to which one intends to return after any temporary absence.

26

home and fixed place of habitation to which one intends to return after any temporary absence." *Id.* § 1.015(a). Subsections (b) through (f) further clarify and qualify this definition. For example, a person does not lose a residence by leaving for "temporary purposes only," nor do they acquire a residence by coming for "temporary purposes only." *Id.* § 1.015(c)–(d). Additionally, a person may not designate a residence "unless the person inhabits the place at the time of designation and intends to remain," nor may they, to reiterate, establish a residence "for the purpose of influencing the outcome of a certain election." *Id.* § 1.015(b), (f).

By its plain meaning, whether read alone or in context, subsection (b) prohibiting a person from "establish[ing] residence for the purpose of influencing the outcome of a certain election" is vague and overbroad. Section 1.015 defines "residence" without defining "establish" or "influencing." The rule therefore bars prospective voters from establishing a "home and fixed place of habitation" (*id.* § 1.015(a)) for obviously permitted purposes such as voting, volunteering with a political campaign, or running for an elected office. Harris County Election Administrator

---

(b) A person may not establish residence for the purpose of influencing the outcome of a certain election.

(c) A person does not lose the person's residence by leaving the person's home to go to another place for temporary purposes only.

(d) A person does not acquire a residence in a place to which the person has come for temporary purposes only and without the intention of making that place the person's home . . . .

(f) A person may not establish a residence at any place the person has not inhabited. A person may not designate a previous residence as a home and fixed place of habitation unless the person inhabits the place at the time of designation and intends to remain.

27

Isabel Longoria and several others agreed that the Residence Provision, "depending on the situation or context, could have multiple meanings or interpretations" like this.

Although the State insists that the provision merely intends to "restrict[] a person from establishing a residence that is not where the person is domiciled," that is not what the Residence Provision says. If the Texas Legislature wanted to restrict a person from establishing a residence "at a place that is not their residence for the purpose of influencing the outcome of a certain election," then, as the Secretary's designee conceded, "[t]he[ Legislature] could have" done so. And this order does not necessarily abridge the right to enact legislation to that effect. But the State cannot lean into the word establish, suggesting that "establishing" a residence means something to the effect of "fabricating" a residence, when the two words are not interchangeable. It cannot use "residence" in reference to a place someone actually inhabits in subsection (a), but then use "residence" in reference to a place someone does *not* actually inhabit in subsection (b), while claiming that such diametrically opposed usage is obvious.

Of course, a civil law may be vague or overbroad without being unconstitutional, where the law does not infringe on a fundamental right. *Grayned v. City of Rockefeller*, 408 U.S. 104, 109 (1972) (explaining vague laws may "trap the innocent by not providing fair warning, "delegate[] basic policy matters . . . on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application," or "inhibit the exercise of [basic First Amendment] freedoms"). However, as worded, this law restricts a person's ability to move and to vote, if the person moves "for the purpose" of voting or of otherwise "influencing" the outcome of an election. It likewise hinders Plaintiffs' ability to advise prospective voters about these rights and liabilities.

28

22-50690.1934

Although a state's "reasonable, nondiscriminatory" election laws will generally give way to the state's "important regulatory interests," the Residence Provision is not reasonable. *See Burdick*, 504 U.S. at 434. It restricts establishing "residence"—that is, establishing "one's home and fixed place of habitation"—anywhere in Texas if for the purpose of influencing an election. Tex. Elec. Code § 1.0 15(a) (defining residence), (b) "A person may not establish residence for the purpose of influencing the outcome of a certain election."). The State has an interest in "making sure that people vote where they live." The State likewise has an interest in "preventing fraud." But the State's laws must further some—nay, any—of these important interests. Instead, this law prevents people from voting where they live, depending on what "purpose" they have for living there.

Some Defendants, like El Paso County Elections Administrator Lisa Wise, concede that the "lack of clarity about the meaning and sweep of the Residence Provision hinders [the County's] ability to advise voters" in their County and ask the court to intervene. For instance, Ms. Wise testified that she did not feel prepared to respond to voters' questions, because S.B. 1111's "definitions . . . are vague" and "mean different things to different people." The court agrees. The Residence Provision is unconstitutionally vague and overbroad, barring conduct that is squarely protected by the First Amendment. Such a "severe" restriction on the right to vote must be "narrowly drawn to advance a state interest of compelling importance." *See id.*; *see also Stewart v. Blackwell*, 444 F.3d 843, 869 (6th Cir. 2006) (laws that effectively disenfranchise voters constitute "severe" burdens requiring strict scrutiny). The Residence Provision is not so narrowly drawn, and there is no way to construe the provision in a way that avoids constitutional scrutiny without making unwarranted assumptions about its intended scope.

The court concludes that the Residence Provision fails any degree of constitutional scrutiny.

29

## C. Temporary-Relocation Provision

Turning one final time to the text as a whole, Section 1.015 indicates that a person does not lose a residence by leaving for "temporary purposes only," nor do they acquire a residence by coming for "temporary purposes only." Tex. Elec. Code § 1.015(c)–(d). All is fair, as otherwise, how would United States Senators for Texas vote in their home state? However, the Temporary-Relocation Provision contained in subsection (f) adds that a person may not designate a residence "unless the person *inhabits* the place at the time of designation and intends to remain." *Id.* § 1.015(f) (emphasis added).

The issue is this creates a "man without a country." Not just for the senators. More broadly, a college student cannot acquire a residence in the college town where they will study only "temporar[il]y," nor can the student designate as a residence the home town they have stopped "inhabit[ing]," albeit temporarily. *Id.* § 1.015(d), (f). Although Intervenor-Defendants Lupe Torres and Terrie Pendley point the court to Section 15.054, this provision obviously does not lesson a voter's burden. Section 15.054 allows a college student to use a campus PO Box for their registration address, without providing documentation confirming this address, "[n]otwithstanding the other provisions of this section." First, the reference to "this section" does not exempt students from the definition of residence contained in a separate chapter of the code, Section 1.015. Section 1.015 explains where a voter's residence is, while Section 15.054 creates rules regarding how to verify that residence. Section 1.015 says a college student does not gain residence somewhere they go for "temporary" purposes only, and Section 15.054 does not confer residence; rather, it explains that a college student's identification need not match the campus PO Box.

30

Second, even assuming *arguendo* that Section 15.054 did help confer residence, Section 15.054 still only excuses "a full-time student who lives on campus at an institution of higher education." This disenfranchises, at minimum, the part-time and off-campus college student. The part-time and off-campus college student are undeniably disenfranchised because they are unable to register to vote both where they have moved and where they have moved from. The burden imposed is "severe," if not insurmountable. Such an insurmountable burden is not easily overcome. Certainly not by Texas's stated interest in ensuring Texans only have *one* residence. Instead, the law renders some Texans without *any* residence. Many Counties are in agreement, unable to explain where college students should register. Dallas County Election Administrator Michael Scarpello stated he was "not entirely clear on how to answer the questions posed to [Dallas County] by some student voters," which has generated "a sense of frustration from the voter and sometimes confusion." And El Paso County Election Administrator Lisa Wise stated she was not "able to really give [students] the information that they would need" to determine where to register. The court is likewise unable to discern where college students should register as the Temporary-Relocation Provision is written. And the possible repercussions are not just complete disenfranchisement, but also criminal liability.

The Temporary-Relocation Provision does not overcome any degree of constitutional scrutiny.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that the parties' cross-motions for summary judgment are **GRANTED IN PART AND DENIED IN PART** as described herein, and the cross-motions are

22-50690.1937

**DISMISSED** (Doc. 138, 140). Plaintiffs' Motion for Protective Order regarding discovery requests is also **DISMISSED** (Doc. 87).

    **IT IS FURTHER ORDERED** that Defendants are permanently enjoined from enforcing Texas Election Code Sections 1.015(b) and (f).

    **IT IS FINALLY ORDERED** that Defendants are permanently enjoined from enforcing Texas Election Code Section 15.053(a) to the extent it requires "evidence of the voter's residence address as required by Section 15.054" even when the registrar *no longer* has reason to believe "the voter's residence address is a commercial post office box or similar location that does not correspond to a residence."

    A final judgment closing this cause shall be rendered concurrently with this order.

    SIGNED this **2nd** day of August, 2022.

                        LEE YEAKEL
                        UNITED STATES DISTRICT JUDGE

Tab 4: Final Judgment (ROA.1939-1940)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

22 AUG -2  PM 4:58

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

| | | |
|---|---|---|
| TEXAS STATE LULAC; VOTO LATINO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| | § | |
| V. | § | |
| | § | |
| | § | |
| BRUCE ELFANT, IN HIS OFFICIAL | § | |
| CAPACITY AS TRAVIS COUNTY TAX | § | |
| ASSESSOR-COLLECTOR; JACQUELYN | § | |
| CALLANEN, IN HER OFFICIAL | § | |
| CAPACITY AS BEXAR COUNTY | § | |
| ELECTIONS ADMINISTRATOR; ISABEL | § | |
| LONGORIA, IN HER OFFICIAL | § | |
| CAPACITY AS HARRIS COUNTY | § | |
| ELECTIONS ADMINISTRATOR; | § | |
| YVONNE RAMON, IN HER OFFICIAL | § | |
| CAPACITY AS HIDALGO COUNTY | § | |
| ELECTIONS ADMINISTRATOR; | § | |
| MICHAEL SCARPELLO, IN HIS | § | |
| OFFICIAL CAPACITY AS DALLAS | § | |
| COUNTY ELECTIONS | § | |
| ADMINISTRATOR; LISA WISE, IN HER | § | |
| OFFICIAL CAPACITY AS EL PASO | § | |
| COUNTY ELECTIONS | § | |
| ADMINISTRATOR, | § | |
| | § | |
| DEFENDANTS, | § | CAUSE NO. 1:21-CV-546-LY |
| | § | |
| KEN PAXTON, IN HIS OFFICIAL | § | |
| CAPACITY AS ATTORNEY GENERAL | § | |
| OF TEXAS; LUPE TORRES, IN HER | § | |
| OFFICIAL CAPACITY AS MEDINA | § | |
| COUNTY ELECTIONS | § | |
| ADMINISTRATOR; AND TERRIE | § | |
| PENDLEY, IN HER OFFICIAL | § | |
| CAPACITY AS REAL COUNTY TAX | § | |
| ASSESSOR-COLLECTOR, | § | |
| | § | |
| INTERVENOR-DEFENDANTS. | § | |

**FINAL JUDGMENT**

Before the court is the above-styled and numbered cause.  On this date by separate order the court rendered summary judgment as to all claims alleged by Plaintiffs Texas State LULAC and Voto Latino.  As nothing remains for resolution in the cause, the court renders the following Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that all parties bear their own costs of court.

**IT IS FINALLY ORDERED** that the cause is hereby **CLOSED**.

SIGNED this _2nd_ day of August, 2022.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

## Certificate of Service

On September 15, 2022, these record excerpts were served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Benjamin D. Wilson
Benjamin D. Wilson