

Kathleen R. Hartnett                                                               Via ECF
T: +1 415 693 2071
khartnett@cooley.com

September 19, 2022

Honorable Lyle W. Cayce
Clerk of Court
United States Court of Appeal for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    Re:    Texas State *LULAC v. Paxton*, No. 22-50690
               USDC No. 1:21-CV-546

Dear Mr. Cayce,

County Defendants El Paso County Elections Administrator Lisa Wise and Harris County Elections Administrator Clifford Tatum respectfully submit this letter in response to the Court's September 15, 2022 Directive to file letter briefs of no more than two pages addressing this Court's appellate jurisdiction. County Defendants are not presently parties to this appeal, but they are interested parties as to the question of this Court's jurisdiction over the appeal while their Motion for Reconsideration and/or Clarification of the Court's August 2, 2022 Order and Judgment is considered in the district court. *See* Case No. 1:21-cv-000546-LY, ECF No. 184 ("Motion for Reconsideration"). The El Paso, Harris, and Dallas County Defendants timely filed their Motion for Reconsideration within 28 days of the district court's August 2, 2022, Order and Judgment under Federal Rule of Civil Procedure 59(e) (or in the alternative under Rule 60(b)).

This Circuit treats a timely filed motion for reconsideration "as a Rule 59(e) motion that suspends the time for filing a notice of appeal." *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). A timely filed Rule 59(e) motion is among those motions specified under Federal Rule of Appellate Procedure 4(a)(4)(A) that "suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court[,] . . . regardless of whether the motion was filed before or after the notice of appeal." *Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005); *see also Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) ("Because the purpose of Rule 4(a)(4) is to prevent duplication of effort by the courts, appellate review of the underlying merits of [appellant's] summary judgment appeal would be premature prior to the district court's consideration of the motion to alter or amend the judgment."); Fed. R. App. P. 4 Advisory Committee Note to Paragraph (a)(4) (1993) ("A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

# Cooley

In their Opening Brief, the Intervenor Defendants-Appellants contend that this Court retains jurisdiction over the appeal because County Defendants' Motion for Reconsideration was "not a proper Rule 59 motion," suggesting that it seeks only "a change to the district court's order . . . *not* its final judgment." Brief for Intervenor Defendants-Appellants ("Br.") at 4. This contention is wrong, for several reasons.

*First*, County Defendants' Motion sought reconsideration of both the district court's "Order *and* Judgment." *See* Motion for Reconsideration at 1 (emphasis added). The Motion asked the district court to reconsider the basis for liability underpinning its order and judgment, and since the legal reasoning challenged by the County Defendants underpinned the district court's judgment, the motion certainly relates to the merits. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves reconsideration of matters properly encompassed in a decision on the merits." (citation and internal quotation marks omitted)).

*Second*, even if County Defendants' Motion only sought a change to the Order, not the Judgment, such a distinction is without a difference. This Court and district courts throughout this Circuit regularly treat a Motion for Reconsideration of a court's *order* as a properly filed Rule 59(e) motion. *See Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 869 (5th Cir. 1989) (recognizing that "motion for reconsideration of the *order* granting the motion to dismiss" is "treat[ed] as a Fed. R. Civ. P. 59(e) motion that tolls the running of the thirty-day period for filing notice of appeal" and that "[o]nce the rule 59(e) motion was ruled upon, the thirty-day period for appeal began running anew" (emphasis added)); *see also Flynn v. Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) (reviewing motion for reconsideration "under Rule 59(e)" that seeks "reconsideration of a prior *order*" (emphasis added)); *Fields v. Pool Offshore, Inc.*, No. CIV. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998) (same).

*Third*, even assuming that the County Defendants' Motion was "not a proper Rule 59 motion," Br. at 4, County Defendants moved in the alternative under Federal Rule of Civil Procedure 60(b), which provides relief from a judgment, order, or proceeding. *See* Motion for Reconsideration at 2 n.2. A timely Rule 60(b) motion also "suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court[,] . . . regardless of whether the motion was filed before or after the notice of appeal." *Ross*, 426 F.3d at 751–52; *see* Fed. R. App. P. 4(a)(4)(A)(vi).

Accordingly, this Court presently lacks appellate jurisdiction over the instant case.

# Cooley

Sincerely,

/s/ Kathleen Hartnett
Kathleen R. Hartnett
COOLEY LLP
khartnett@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone:   +1 415 693-2000
Facsimile:   +1 415 693-2222

Ranjana Natarajan
STATES UNITED
DEMOCRACY CENTER
ranjana@statesuniteddemocracy.org
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone:   +1 323 422-8578

*Attorneys for El Paso County Elections Administrator Lisa Wise*

/s/ Jonathan Fombonne
Jonathan Fombonne
First Assistant County Attorney
HARRIS COUNTY ATTORNEY'S OFFICE
jonathan.fombonne@harriscountytx.gov
1019 Congress St.
Houston, TX 77002
Telephone: +1 713 274-5102

*Attorney for Clifford Tatum, in his official capacity as Harris County Elections Administrator*

CC:
Mr. Christopher D. Dodge
Elias Law Group, L.L.P.
10 G Street, N.E.
Suite 600
Washington, DC 20002

Mr. John Russell Hardin
Perkins Coie, L.L.P.
500 N. Akard Street
Suite 3300
Dallas, TX 75201

Mr. Robert E. Henneke
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

Ms. Kathleen Theresa Hunker
Office of the Attorney General of Texas
Special Litigation Unit
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548

# Cooley

Ms. Melinda K Johnson
Elias Law Group, L.L.P.
10 G Street, N.E.
Suite 600
Washington, DC 20002

Mr. Michael Brandon Jones
Elias Law Group, L.L.P.
10 G Street, N.E.
Suite 600
Washington, DC 20002

Ms. Beth Ellen Klusmann
Office of the Texas Attorney General
P.O. Box 12548 (MC-059)
Austin, TX 78711-2548

Mr. Uzoma Nkem Nkwonta
Elias Law Group, L.L.P.
10 G Street, N.E.
Suite 600
Washington, DC 20002

Ms. Autumn Hamit Patterson
Texas Public Policy Foundation
901 Congress Avenue
Austin, TX 78701

Ms. Lanora Christine Pettit
Office of the Attorney General of Texas
Office of the Solicitor General
P.O. Box 12548 (MC-059)
Austin, TX 78711-2548

Mr. Luis Roberto Vera Jr.
Law Offices of Luis Roberto Vera, Jr. & Associates
111 Soledad Street
Suite 1325
San Antonio, TX 78205-0000

Mr. Chance Weldon
901 Congress Avenue
Austin, TX 78701

Mr. Graham White
Elias Law Group, L.L.P.
10 G Street, N.E.
Washington, DC 20002

Mr. Benjamin D. Wilson
Office of the Attorney General of Texas
Office of the Solicitor General
P.O. Box 12548 (MC-059)
Austin, TX 78711-2548